# Green *versus* North Buffalo Township.

1. A plea of a former action pending is too late after the plea of the general issue.

2. In an action on a bond to indemnify the overseers of the poor on account of the maintenance of a pauper, declarations of an overseer not made in his official character or whilst acting in the business of the township, are not admissible against the township. They are no more than the loose declarations of any other citizen.

3. Where a party is induced by a misstatement of facts to enter into a bond, the contents of which he knows, it is his obligation, but he may avoid it by the false inducement.

4. Where a misrepresentation of the *contents* of an instrument is made to an illiterate party, who executes it, it is not his deed.

October 30th 1867. Before Thompson, Strong, Read and Agnew, JJ. Woodward, C. J., absent.

Error to the Court of Common Pleas of *Armstrong county :* No. 111, to October and November Term 1866.

This was an action of covenant brought by The Overseers of the Poor of North Buffalo Township, Armstrong county, against John Green and Jeremiah Green, to December Term 1865.

The covenant of the defendants was in the following bond, executed by them :—" in the full sum of one thousand dollars, upon the condition following : that is to say, Whereas Elizabeth ·Green, of said township, has become chargeable thereto as a pauper ; and whereas, we as her brothers are able and willing to maintain said Elizabeth without charge to said township, and do ,

[Green *v*. North Buffalo Township.]

hereby agree and bind ourselves to maintain and support the said Elizabeth in a comfortable room, clothing and food, so long as she shall live. Therefore, the condition of this bond is such that if said John and Jeremiah Green shall from time to time and all times provide comfortable house room, clothing, and food, and fuel, and keep and maintain her without charge to said town ship, then this obligation to be void, otherwise in full force.

his
JOHN X GREEN, [L. S.]
mark
JEREMIAH GREEN, [L. S.]

'Witness—James Green." January 26th 1863."

The plaintiff declared on a breach of the condition of the bond in that the defendants did not maintain Elizabeth Green. The defendants pleaded " *non est factum*, want of consideration, fraud," and also a special plea setting out the facts. At the trial, before Buffington, P. J., before the plaintiffs opened their case, the defendants moved to plead a former suit pending on the same covenant and for the same cause of action. The plea was not verified by affidavit. The motion was denied because it was too late after plea in bar.

After the plaintiffs had opened their case, the defendants moved to withdraw the plea of " *non est factum*," and plead a former action pending for the same cause, the defendant's counsel waiving their right to conclude the argument. This motion was denied.

The plaintiffs having proved that two orders, one dated January 5th 1863, and the other April 11th 1863, for the maintenance of Elizabeth Green, had been issued by two justices, offered the orders in evidence. They were objected to by the defendants because no record of the justices was produced, and because there was no stamp on the orders. The evidence was admitted and a bill of exceptions sealed. They also gave evidence of payment by the overseers to the amount of $165 in pursuance of the orders, and that the pauper was still a charge. They proved the execution of the bond. There was evidence that one of defendants said *after* the execution of the bond, " this is of no use, for she won't come," and that Huston, one of the over-seers, said it would clear the overseers ; that the bond was read to Jeremiah Green before he signed it; that the name of John Green was to the bond when Jeremiah signed it. It was testified by another witness that, on a prosecution against the overseers for neglecting to maintain the pauper, both defendants, who were witnesses, admitted the names to the bond to be their signatures. It was testified also that before the bond was prepared on an application by one of the overseers to the defendants to keep their sister, they said they would keep her if she came home.

[Green *v.* North Buffalo Township.]

On the part of the defendants a witness testified that in his presence the bond was not read to John; that John said they had three or four houses on the place, and if she did not like to live with them, they would find her a house; Huston, the overseer, said the writing would not bind them to keep her at any other place; John said they would keep her if she were brought home; Huston said that would clear the township; the witness testified that this took place before John signed the bond. There was other evidence of similar purport.

The defendants offered " to prove that about the time the bond was executed, or shortly afterwards, William Huston, one of the overseers of the poor of North Buffalo township, and the party who had procured defendants' signatures to the bond in controversy, said to defendants, in presence of witnesses, that the bond or contract was only to bind them to keep Elizabeth Green on their own farm, and not to pay money to keep her anywhere else, and that he had made such representations to defendants at the time they executed the bond or contract, and that the defendants replied to him that was their understanding at the time said paper was signed."

On objection by the plaintiffs the court rejected the offer and sealed a bill of exceptions.

The defendants asked the court to charge:—

1. That if the jury believe from the evidence that representations were made by the overseers of the poor of said township, or either of them, that the bond in controversy was only binding in case Elizabeth Green should come or be brought to live on the premises, and that the defendants executed the same under a belief in such representations, then the plaintiffs cannot recover.

2. That if the jury believe the testimony of James Green and Francis Downsey, then the plaintiffs cannot recover.

3. That the overseers of the poor of said township could not legally take charge of Elizabeth Green under the order of 5th January 1863, and that if the jury believe from the evidence that she was not actually a charge on said township until shortly before the June court, 1863, no authority whatever was vested in the overseers to take a bond, and unless it has been subsequently ratified, it is void.

All which points were answered in the negative.

The judge further charged:—

" Elizabeth Green is a pauper. She had neither father, grandfather, son nor grandson; of course the township was bound to maintain her. To that purpose orders of maintenance were granted by two justices, and she was taken in charge by the overseers. Defendants are her brothers, and it is understood are of ability to maintain her. Shortly after she was taken charge of under the order, on the 26th January 1863, they executed the

[Green v. North Buffalo Township.]

bond now in suit.  It is said, however, 1st, that the bond was obtained fraudulently ; 2d, that it was not written according to the contract, and they seek to alter it by parol.  [We see no evidence of fraud, nor is there sufficient evidence to alter the terms of the written paper.  There is no evidence of any misrepresentations of facts, but if any mistake existed, it was in reference to the contents of the written paper.]  But it is said the bond was not read ; the law presumes it was, and the evidence ought to be clear that it was not.  Still if it was not read to John, and he could not read, and the contents were misrepresented, it would not bind him, and plaintiffs cannot recover.  [We do not think the evidence in this case sufficient to alter the terms of the written agreement.  The case is then to be decided on the legal construction of the bond.  By that they were bound to maintain her and to indemnify the township.]  It is said, however, by the condition of the bond that they were to furnish her in a house, &c. ; that the covenant required the defendants to provide her with necessaries, and it was their duty under that bond to bring her home and provide according to the bond.  Notice was not necessary by the overseers ; it follows therefore that if there was a breach by failing to maintain her, by which plaintiffs have been compelled to pay, then the plaintiff ought to recover.  This is a question of fact for the jury.  The amount also is for the jury."

There was a verdict for the plaintiff for the penalty of the bond, and the damages were assessed at $143.77.

The defendants took a writ of error.

They assigned for error :—

1 and 2. The refusal of the court to allow them to file their plea of a pending action.

3. The rejection of evidence of declarations by Huston.

4 and 5. Those portions of the charge included in brackets.

6, 7 and 8. The denial of their points.

9. The admission in evidence of the two orders of maintenance.

*J. Boggs* and *D. Barclay*, for plaintiffs in error, cited on 1st and 2d errors: 1 Tidd's Pr. 648 ; Act of March 21st 1806, § 6, Purd. 46, pl. 1, 4 Sm. L. 329 ; Proper v. Luce, 3 Pa. R. 65 ; Commonwealth v. Mechling, 2 Watts 130 ; Garvin v. Dawson, 13 S. & R. 246.   4th and 5th errors : Baltimore and Ohio Railroad v. Hoge, 10 Casey 214 ; Field v. Biddle, 2 Dallas 171 ; Patterson v. Juniata Bank, 4 W. & S. 43.   5th error : Zentmyer v. Mittower, 5 Barr 403 ; Miller v. Henderson, 10 S. & R. 290. 9th error : Act of Congress June 30th 1864, §§ 151, 152 ; 2 Bright. Dig. p. 263, pl. 245, 246.

*E. S. Golden*, for defendants in error, cited on 1st and 2d errors : Stephen's Pl. 51, 276, 405, 433, Rule V. ; 1 Chitty Pl.

6 P. F. SMITH—8

[Green *v*. North Buffalo Township.]

481; Good Intent Co. *v.* Hatzell, 10 Harris 277.   3d error:
Patten *v.* Minesinger, 1 Casey 393.   4th, 5th, 6th and 7th errors:
Fulton *v.* Hood, 10 Casey 365.

The opinion of the court was delivered, November 11th 1867, by
AGNEW, J.—The 1st and 2d errors assigned are without merit.
The plea of pending action came too late after the plea of the
general issue and was not sufficiently verified.

We discover no error in the rejection of William Huston's
declarations.   They were not made in his official character and
while acting in the business of the township.   They were no more
than the loose declarations of any other citizen.

The 4th, 5th, 6th and 7th assignments of error may all be con-
sidered together.

Rightly understood, the charge of the court left the matters in
dispute fairly to the jury.   There was no evidence of any false
statement of facts as an inducement to the execution of the bond.
The court were therefore right in saying they saw no evidence of
fraud and no sufficient evidence to alter the terms of the written
paper.   But the court instructed the jury that if the bond was
not read to John, and he could not read and the contents were
misrepresented, it would not bind him, and as consequence told
the jury the plaintiff could not recover in that event.   This was
all the evidence justified the court in saying.   The argument of
the plaintiff in error overlooks the palpable distinction between a
defence resting upon facts which are misstated in order to induce
a party to enter into a bond, the contents of which he knows, and
one resting on a misrepresentation of the contents of the instru-
ment itself to an illiterate person.   In the former case the bond
is the obligation of the party who seals it, but it is avoided by
the false inducement to enter into it, and in the latter the instru-
ment is not his deed or bond at all.   It is this distinction which
the court bore in mind in charging in what is alleged to be a con-
tradictory manner.   The only fraud alleged was in the asserted
misrepresentation of the contents of the paper, and this the court
fairly submitted.

There is nothing in the remaining errors calling for special
notice, and the judgment is therefore affirmed.