# Coventry Mutual Live Stock Insurance Association *versus* Evans.

102 281
163 444

1. Provisions in a policy of insurance, prescribing a limit of time within which notice of loss is to be given, etc., will not be construed as causes of forfeiture where not expressly so stipulated in the policy.

2. A policy provided that notice of loss should be given within twenty-four hours after it occurred, but provided no penalty or forfeiture for failure to give such notice : *Held* that the insured might recover if he gave notice of loss within a reasonable time after he knew of it.

3. A provision in the charter of a mutual live stock insurance company that the business of the company shall be confined to certain counties, does not prohibit members who have insured horses within said counties from removing them to another county for the purposes of sale, and keeping them there for a reasonable time for such purpose. The fact that an animal dies while so held for sale does not of itself bar recovery on the policy.

4. A provision in a policy that "suits at law *may* be prosecuted . . . . if payment is withheld more than sixty days after the association is duly notified of such losses," does not limit the legal right of the insured, outside of the contract, to bring suit on the policy.

February 5th 1883.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Chester county :* Of January Term 1883, No. 37.

Covenant, by Oliver Evans against The Coventry Mutual Live Stock Insurance Association of Chester county, upon a policy of insurance to recover the amount insured on the life of a horse belonging to plaintiff. Pleas, nil debet, non infregit conventionem.

The constitution and by-laws of the association, which were printed on the policy, contained, inter alia, provisions: (§ 1) that the business of the association shall be "confined to the counties of Chester, Montgomery and Berks;" (§ 5) that no policy should be issued on "horses kept for livery stable purposes;" (§ 8) that a member sustaining a loss "shall give notice within 24 hours from the time of the loss, to three members of the association;" and (§ 14) that suits at law may be prosecuted "after the association is duly notified of such loss."

On the trial, before FUTHEY, P. J., the facts appeared to be as follows :—On April 23d 1879, plaintiff insured his two farm horses in the association defendant. On May 2d 1880, plaintiff took the horses to Philadelphia to sell them, and left them at livery and sale stables in charge of his brother, Dr. Evans. On June 25th 1880, one of the horses died. Defendants

claimed that the horses had previously been purchased by the Adams Express Company ; the evidence on this point tended to show that on June 5th 1880, the express company with a view to purchase the horses took them on three days trial, and kept one, but within the three days notified Dr. Evans that the other horse was sick and the company declined to keep him.   Evans prevailed on the express company to permit the horse to remain at their stables, where he was attended by a veterinary surgeon employed by Evans, and died June 25th 1880.

Dr. Evans notified the plaintiff by letter on June 26th that the horse was dead, but plaintiff failed to notify three managers of the association, within 24 hours after receipt of the letter, of the loss.   About two weeks afterwards he made claim, and the association at a special meeting held September 27th declined to pay the claim, of which they formally notified plaintiff in writing on October 1st 1880.

The defendant presented the following points :

1. " If the jury believe that he took the horse to Philadelphia and kept him there in the William Penn, Great Western and other stables, over a month, and materially increased the risk of disease and death, the plaintiff cannot recover." Answer. This point is affirmed.

2. " As the business of the Coventry Mutual Insurance Company is, by its section 1 of the constitution thereof, confined to the counties of Chester, Montgomery and Berks, the plaintiff, a member thereof, and bound by its constitution and by-laws, cannot recover the value of this horse which had been over a month in Philadelphia, for the purpose of sale." Answer. This point has been fully answered in the general charge, and I need not add anything further to the instructions I have given you.

3. " The plaintiff not having complied with the provision of section 8 of the constitution, is not entitled to recover."

4. " The plaintiff, not having complied with section 14 of the constitution, is not entitled to maintain this action."

These two points will be reserved for future consideration ; but you will determine the fact involved in them in relation to the giving of the notice, in accordance with my previous instructions.

5. " If the jury believe that this horse was sold to the Adams Express Company, the plaintiff is not entitled to recover."

6. " If the jury believe the evidence, this horse was sold to the Adams Express Company, and the plaintiff, not being the owner of him at the time of his death, is not entitled to recover."

[Coventry, &c. Ins. Asso. v. Evans.]

These points have also been fully answered in the general charge, and I need not repeat the instructions I have given you.

7. " Under the evidence in the cause, the plaintiff is not entitled to recover."

I cannot affirm this point, inasmuch as there is evidence for your consideration which I cannot take away from the jury.

The court charged the jury, in substance, that the plaintiff had a right to take the horse to Philadelphia, but if he negligently permitted it to remain an undue time in extensive stables whereby the risk of disease was materially increased, he could not recover; that a strict compliance with the charter provision for 24 hours' notice was not a condition precedent, and failure to comply with it was not a bar to recovery, provided the jury find the plaintiff notified the company within a reasonable time; that if the horse's illness was caused by the fault of the Adams Express Company while they had him on three days trial, the plaintiff could not recover, but if it was not the fault of the Adams Express Company, who notified plaintiff's agent within the three days that they declined to purchase, then the horse remained the property of the plaintiff and covered by the insurance.

Verdict for the plaintiff for $162.97. The court subsequently disaffirmed the two points reserved, and entered judgment on the verdict.

The defendant took this writ of error, assigning for error the answers to, and refusal of their points, and the instructions of the court as given in substance above.

*William M. Hayes*, for the plaintiff in error.

*William T. Barber*, for the defendant in error.

Mr. Justice GREEN delivered the opinion of the court, March 5th 1883.

There is no provision in the constitution, by-laws or policy of the association defendant in this case which prohibits the removal, temporarily, or for purposes of sale, out of the counties of Chester, Montgomery and Berks, of any live stock which may be insured by its policies. The constitution declares that the business of the association shall be confined to those counties. That provision, certainly, was not contravened when Oliver Evans, a resident of Montgomery county, effected a policy on two of his horses. He and they belonged in that county

at the time, and after the policy was issued. The horses were sent to Philadelphia to be sold, and one of them died after being kept there for several weeks. Nothing in the contract prohibited this. For what reason should the contract be forfeited on that account? We know of none. The court left to the jury the question whether the risk to the horses was increased by their removal to, and keeping while in, the city, charging that if it was, there could be no recovery. Surely the defendant could ask nothing more than this, especially as the policy contains no provision for its avoidance in the event of an increase of risk to the animals. It is a pure question of fact, and could only be determined by the jury. The defendant's first point proposed the question as one of fact for the determination of the jury, and the court affirmed it. The court was not asked to charge upon it as a fact proved by undisputed testimony, and of course cannot be convicted of error for not having done so. So also under the fifth and sixth points, the court, in fact, gave affirmative answers, and left to the jury, as the points themselves requested, the question of the sale to the Adams Express Company. There was no request to charge that upon the undisputed testimony the express company had become the owner of the horses at the time the one in question was taken sick and died. As to the twenty-four hours notice, the plaintiff was in default. He not only did not give the notice within twenty-four hours after the death of the horse, but he did not give it within that time after he knew of the death. Had the policy or the by-laws been so framed as to make the observance of this requirement a condition precedent to a right of recovery, the case must have been reversed for that reason. But there is nothing of the kind anywhere in the contract. Ordinarily, when policies prescribe fixed times for notice of loss, they provide that if the notice is not given within the prescribed time, the policy shall be void, or there shall be no right of action on it. In such cases, the terms of the contract require the courts to enforce the forfeiture. But forfeitures are not favored, and certainly in such cases as this, such a consequence can not be implied. Section 14 of the policy does not help the matter, because it merely provides that suits may be brought if payment is withheld more than sixty days after due notice of loss. This is only a permission to bring suit so far as the company is concerned. But the right to bring a suit does not depend upon the permission of the defendant. It is given by the law outside of the policy, and it is not taken away by anything within it. The defendant might easily have provided in the contract that no action should be brought thereon unless the proper notice of loss had been given, and if the policy had contained such a provision the courts must have enforced it. But

there is no such stipulation to be found in this policy or in the constitution or by-laws, and we have no right to put it there. The court therefore committed no error in leaving to the jury the question whether the notice was reasonable. If the defendant could show that it had sustained any damage on account of the plaintiff's breach of condition in regard to the notice of loss, it might defend against the policy to that extent, but that would be the limit of its right. In Knecht v. The New York Mutual Life Ins. Co., 9 Norris 118, the breach of condition was far more fundamental against the right of action on the policy than any aspect of the present case exhibits, and yet it was held insufficient to avoid the policy.

Judgment affirmed.