## Strouse, Appellant, *v.* Querns.

*Affidavit of defense—Guaranty—Fraud.*

In an action against a woman on a written guaranty of a son's credit to an amount named, an affidavit of defense is sufficient which avers that the defendant was sixty-nine years of age and sick, and physically and mentally unable to transact business when she signed the paper; that the plaintiff's agent stated to her that the paper contained merely a representation as to her son's honesty, and that the agent pretended to read the paper to her, but falsely omitted the portion containing the guaranty.

Argued Oct. 9, 1902. Appeal, No. 18, Oct. T., 1902, by plaintiffs, from order of C. P. No. 5, Phila. Co., Sept. T., 1901, No. 3787, discharging rule for judgment for want of a sufficient affidavit of defense in case of Henry L. Strouse and John B. Mencke, trading as Strouse & Company v. Mary Querns. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a written guaranty of credit.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*William C. Wilson*, with him *Julius C. Levi*, for appellant, cited: Green v. North Buffalo Twp., 56 Pa. 110 ; Johnston v.

Patterson, 114 Pa. 398 ; Lewis v. Dunlap, 5 Pa. Superior Ct. 625.

*Charles L. Brown,* for appellee, cited : Freedley v. French, 154 Mass. 339 (28 N. E. Rep. 272) ; Kingman v. Reinemer, 166 Ill. 208 (46 N. E. Repr. 786) ; Smith v. Smith, 134 N. Y. 62 (31 N. E. Repr. 258) ; McGinn v. Tobey, 62 Mich. 252 (28 N. W. Repr. 818) ; Resh v. First Nat. Bank, 93 Pa. 397 ; Foster v. Mackinnon, L. R. 4 C. P. 704.

OPINION BY WILLIAM W. PORTER, J., January 20, 1903 :

This action is brought on a writing in which the defendant agreed to guarantee the payment to the plaintiffs for merchandise to be sold to the defendant's son to the extent of $300. Application was made to the court below to enter judgment for want of sufficient affidavit of defense. The court refused the judgment. This action we affirm.

The original and supplemental affidavits of defense in condensed form exhibit the following facts : The defendant was a woman of about sixty-nine years of age. She was sick and physically and mentally unfit to attend to such business as the execution of papers. She was alone in her home when called upon by two representatives of the plaintiffs. They represented that they came to inquire with reference to the defendant's son James (who was in business in Reading), whether he was honest and of temperate habits. She, affirming that he was, signed the paper in suit, certifying to his honesty and sobriety and agreeing to guarantee his credit to the extent of $300. She did not read the paper and did not know it contained a guaranty. The supplemental affidavit asserts that " one of the said men pretended to read correctly the said paper to her before signing, but he did not do so. He falsely and deceitfully on behalf of the plaintiffs omitted in reading the papers to her, all words in any way showing or indicating that she was to guarantee to the plaintiffs as stated in said papers." She further alleges that these men acting on behalf of the plaintiffs " falsely and fraudulently on behalf of the plaintiffs, stated and represented to her that the said paper contained merely a statement to the plaintiffs of her son's honesty and sobriety and that she would be willing to trust him with the goods and credit to the extent of $300."

We regard these allegations of fraud in the procurement of the contract as sufficiently broad to prevent the entering of judgment on the affidavit.    Discussion of the general principle involved may be found in Schuylkill County v. Copley, 67 Pa. 386, Green v. North Buffalo Township, 56 Pa. 110, and Johnston v. Patterson, 114 Pa. 398.    It is true that the affidavits do not allege illiteracy on the part of the defendant, but they do allege not only fraud and deception, but also a physical and mental condition, rendering the defendant unfit to attend to such business as the making of the paper upon which the plaintiffs rely.

The judgment of the court below is affirmed and a procedendo is awarded.

*Affidavit of defense—Sale—Sample.*