## Tkatch *v.* Knights and Ladies of Security, Appellant.

*Evidence—Burden of proof—Action on death benefit certificate—Pleading—Statement of claim.*

1. In an action upon a death benefit certificate issued by a beneficial society, the allegation in the statement of claim that all conditions of the contract had been fulfilled by the assured, even when denied by the answer, does not impose upon the plaintiff the burden of proving that the assured had paid all dues and assessments chargeable against him up to the time of his death.

*Evidence—Laws of beneficial society—Proof—Expert testimony.*

2. The constitution and by-laws of a beneficial society cannot be proved and identified by expert testimony of a witness because of his familiarity with them or with the practice of the organization.

Argued April 15, 1919. Appeal, No. 184, Jan. T., 1919, by defendant, from order of C. P. Luzerne Co., Oct. T.,

1915, No. 284, overruling motion for a new trial and for judgment n. o. v. in the case of Anna Tkatch v. Knights and Ladies of Security. Before BROWN, C. J., MOSCHZISKER, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Action in assumpsit to recover death benefits upon two certificates issued by a beneficial society. Before STRAUSS, J.

The court gave binding instructions for the plaintiff.

Verdict for plaintiff for $3,417 and judgment entered thereon.

The trial court denied the motion for a new trial and for judgment n. o. v. in the following opinion by STRAUSS, J., filed August 13, 1918:

In 1910 the defendant issued a certificate in the nature of a life insurance policy, and in 1912 another, to Andrew Tkatch, the first for two thousand dollars and the second for one thousand dollars, payable at the time of his death to Annie Tkatch, his wife, the plaintiff, "he having complied with all the provisions of the constitution and laws of the order now in force, or that may hereafter be enacted and being at the time of his death a member in good standing." He died on the 29th of December, 1914.

The defendant having refused payment on these certificates on the ground that Tkatch had become a vender of intoxicating liquors in violation of the laws of the organization, this suit was brought.

At the trial the plaintiff put in evidence the certificates, the death, service of proof of death, and rested.

A motion for compulsory nonsuit was refused. Then to make out its defense the defendant proposed from its constitution and by-laws to prove: (a) The defendant is a beneficial society and not a life insurance company; (b) the deceased was forbidden to engage in the manufacture or sale of any intoxicating liquors to be used as a beverage; and to follow this by proof (c) that the deceased had in violation of the constitution and by-laws

become a licensed retailer of intoxicants after the date of the death benefit certificate.

The proof of the constitution and by-laws the defendant offered to make by a witness who having been one of defendant's members during many years and an official in its subordinate, state and national lodges, could qualify as an expert and would identify a pamphlet as the officially printed, and commonly accepted in these organizations, constitution and by-laws. This proposed identification of the pamphlet by expert testimony was objected to and excluded. Thereupon defendant rested.

A new trial or judgment in defendant's favor n. o. v. is now sought for two reasons: (1) Because the plaintiff has failed to prove as part of her case that her husband had paid all dues and assessments chargeable against him up to the time of his death; and (2) because the court erred in excluding the expert testimony.

1. The allegation in the statement that all conditions of the contract had been fulfilled by the assured, even when denied by the answer, does not impose upon the plaintiff the burden of proving that each particular condition was complied with. When a breach of any particular condition is relied upon, the defendant has the burden of proving it. The certificates in the hands of the defendant promising to pay a specific sum to her on the death of her husband created in her favor a presumption that the deceased had paid the dues essential to the original validity of the certificate, which presumption continues until it has been overcome by proof that validity is lost through nonpayment or other violation of conditions: 29 Cyc. 229-237; Royal Circle, etc., v. Achterrath, 204 Ill. 549; Crumpton v. Pittsburgh Council, etc., 1 Pa. Superior Ct. 613.

2. No authority has been brought to our attention for the proposition that the laws of a beneficial society may be proved by expert testimony of a witness because of his familiarity with them or with the practice in the organi-

zation. If the book were to be admitted at all it must be upon the credibility of his testimony as to the identity of its contents with the laws of the organization.

We had before us at the time of trial Herman v. The Supreme Lodge, 66 N. J. Laws 77; 48 Atl. Rep. 1000 (Supreme Court of New Jersey) which decided:

"It is too plain for argument that in order to vary an existing contract, strict proof of the enactment of the law claimed to have such effect is requisite. Proof by members of the order that copies of what purported to be the laws extant had been promulgated could not legally stand in lieu of direct proof of such enactment."

This doctrine is also followed in Page v. Knights & Ladies, 61 S. W. 1068, where such evidence had been admitted after a witness had testified that he had before him—"the constitution and by-laws of the order which went into effect May 1, 1898, and file it as Exhibit A to my deposition;"

The court in sustaining an exception on this ground said:

"It is obvious therefore that when the witness made the statement, he was stating merely an inference or conclusion of his that the paper offered was legally the constitution and by-laws of the order. But this cannot be done. Supreme Lodge v. La Malta, 95 Tenn. 166-67; 31 S. W. 493; 30 L. R. A. 838. The court would have to have before it legal evidence of the action of the Supreme Lodge or of its board of directors in the passage or admitted passage of such constitution and by-laws, and from this a conclusion could be drawn as to whether the paper offered was in truth the constitution and by-laws of the order and legally binding as such. But this would be a legal conclusion and one for which the court could not rely upon the opinion of a witness in the cause."

So, all of the decided cases that have been referred to in the briefs, or that we have by independent search been able to find, are in line with the ruling made at the trial under which this sort of evidence was excluded.

The case is presented to us purely upon these legal questions without any appeal to discretion. As thus presented both reasons must be dismissed.

*Errors assigned* were, among others, the refusal of defendant's motion for a new trial and for judgment n. o. v.

*John H. Dando,* with him *David Oppenheimer,* for appellant.—Proof of performance was essential and under the pleadings it was demanded: Blair v. Supreme Council, 208 Pa. 262.

*E. A. Lynch* and *Chas. B. Lenahan,* for appellee, not heard.

PER CURIAM, May 5, 1919:

The judgment in this case is affirmed on the opinion of the learned court below overruling the motions for a new trial and for judgment non obstante veredicto.