# Marks v. Feldman, Appellant.

*Evidence—Admissibility—Written contracts—Oral testimony.*

In an action of assumpsit to recover money paid on a contract for the purchase of real estate, the plaintiff testified to an oral agreement for the purchase of the property from the defendant, who claimed he was the owner. Subsequently, when defendant submitted an agreement, partly written and partly printed, which purported to be an agreement between the actual owner and the defendant, acting as agent for the plaintiff, the latter testified that he notified the defendant that he had not authorized him to enter into any agreement, that he never ratified the written agreement which the defendant left with him. He further testified that he was willing to accept a conveyance of the property and pay for the same if the defendant complied with the terms of their oral agreement, and that the defendant had never complied with such oral agreement and refused to repay the cash payment which he had received.

This was not an attempt to reform or modify the covenants of a written contract, or an attempt by one who knew the contents of a paper which he had signed to be relieved from the effect thereof,

because he had been led to execute it by misrepresentation of some collateral fact. It was, instead, an endeavor to overcome the instrument wholly and set it aside, on the ground that it was not his deed.

Under such circumstances the facts and not the law were at issue, and the finding of the trial judge, based on competent evidence, will be affirmed.

Argued October 11, 1927. Appeal No. 105, October T., 1927, by defendant from final judgment of M. C. Philadelphia County, August T., 1920, No. 344, in the case of Dr. Morris Marks v. Joseph Feldman. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover money paid on the purchase of real estate. Before CRANE, J., without a jury.

The court entered judgment for plaintiff in the sum of $700. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence.

*C. Russell Phillips,* and with him *C. Brewster Rhoads,* for appellant.—Parol evidence is inadmissible to vary the terms of a written instrument: Evans v. Edelstein, 276 Pa. 516; Hamilton v. Fleck, 249 Pa. 607; Gianni v. Russell & Co., Inc., 281 Pa. 320; First National Bank of Hooversville v. Sagerson, 283 Pa. 406.

*Oscar Rosenbaum,* for appellee.—Where the agreement of the parties was not expressed in writing parol evidence is admissible: Ward et al. v. Zeigler, 285 Pa. 557; Beckford v. Printing Co., 63 Pa. Superior Ct. 116; Comly v. Linton, 60 Pa. Superior Ct. 117; Friedman v. Hamilton, 6 D. & C. 168; Foster v. McGraw, 64 Pa. 464; Keller-Pike Co. v. Wetter, 252 Pa. 340.

OPINION BY PORTER, P. J., March 2, 1928:

The plaintiff brought this action to recover the cash payment which he had made upon a proposed contract for the purchase of real estate; he recovered a judgment in the court below and the defendant appeals.

The first assignment alleges that the court erred "in admitting parole evidence in contradiction of and inconsistent with the written agreement attached to plaintiff's statement of claim as Exhibit 'A'." This assignment might be disregarded as it refers to no ruling of the court or exception taken by the defendant, but the same question is raised by the second assignment which is based on an exception to the refusal of the court to strike out the testimony of Marks, the plaintiff, as to oral conversations between himself and Feldman, the defendant, in connection with the title to the property involved and negotiations between the parties with regard to the terms of the sale and the payment of the cash deposit. The testimony of the plaintiff which appellant asserts involved an attempt to contradict or modify the terms of the written agreement was in effect as follows: He testified positively that the defendant represented to him that he owned certain real estate in the City of Philadelphia and orally agreed to sell it to the plaintiff for $19,600, of which amount $500 was paid in cash at the time of the oral agreement and that defendant promised to refund that amount, if plaintiff did not obtain the property; that the terms of sale were orally agreed upon and that a few days subsequently defendant brought to plaintiff an agreement, partly printed and partly written, which purported to be an agreement between one Frank Herman and this defendant acting as agent for the plaintiff, under the covenants of which Herman agreed to sell and convey the property to "Joseph Feldman, agent for Dr. Morris Marks" and the latter covenanted to pay the sum of $19,600 for the property, of which $500 was to be paid in cash

and said sum was to be forfeited, as liquidated damages, in case of the default of the said party of the second part. He further testified that he at once notified the defendant that he had not authorized him to enter into a contract, as agent of plaintiff, with any other person for the purchase of the property; that he had never ratified the written agreement which defendant left with him, but he was willing to accept a conveyance of the property and pay for the same if defendant complied with the terms of their oral agreement, and that defendant never complied with the terms of the oral agreement and refused to refund the cash payment which he had received. This was not an attempt to reform, or modify the covenants of a written contract, nor an attempt by one who knew the contents of a paper which he had signed to be relieved from the effect thereof, upon the ground that he had been led to execute it by misrepresentation of some collateral fact. It was, on the other hand, an endeavor to overcome the instrument wholly and set it aside, upon the ground that it was not in fact his deed: Stoever v. Weir, 10 S. & R. 25; Green v. North Buffalo Township, 56 Pa. 110; Schuylkill County v. Copley, 67 Pa. 386; Templeton v. Shakley, 107 Pa. 370. The plaintiff had not himself executed the written agreement, his testimony that he had not authorized the defendant to act as his agent was entirely competent, as was his assertion that this defendant, representing that he was the owner of the property had agreed that in case the transaction was not completed the cash payment should be returned. This is not a contest between Herman and the plaintiff, and the rule which excludes parol evidence does not apply to strangers to the contract. "It follows that, in cases like the present, the party having the burden of showing that he expended his money on the faith of a collateral promise of the opposite party, is required to

sustain his contention only by a fair preponderance of the evidence'': Roberts v. Cauffiel, 283 Pa. 69. The first and second assignments of error are overruled.

The testimony of the plaintiff was contradicted by the oral testimony of the defendant. This presented an issue of fact, not of law, and it was for the judge, who tried the case without the intervention of a jury, to determine that issue. The finding of the judge was based on competent evidence and we are not convinced that the court erred in refusing to find in favor of the defendant, or in refusing his motion for judgment notwithstanding that finding. The remaining assignments of error directly refer to the contention that the court erred in refusing to strike out the testimony of the plaintiff and are dismissed.

The judgment is affirmed.