Weinberg *v.* Broomall, Appellant.

116

Argued September 29, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Webster Jones,* for appellant.

*Samuel Packman,* for appellee.

OPINION BY STADTFELD, J., December 16, 1933:
This is an appeal by defendant from the refusal of

the court below to enter judgment for defendant non obstante veredicto in an action of trespass to recover damages for injuries to plaintiff's person and to his automobile, as a result of a collision between plaintiff's automobile and defendant's truck on March 28, 1932, at Glenwood Avenue and Broad Street, in the City of Philadelphia.

The statement of claim averred negligence of the defendant in the operation of his truck resulting in the collision. No affidavit of defense was filed. The case came to trial before BLUETT, J., without a jury. Defendant offered no evidence, but asked for binding instructions. The court found in favor of plaintiff in the sum of $300, whereupon defendant moved for judgment non obstante veredicto. This motion was overruled and judgment entered on the findings. From that judgment this appeal is taken.

The facts are fully and clearly stated in the opinion of the trial judge from which we quote as follows: "On March 28, 1932, about 2:30 P. M., plaintiff was driving his automobile westwardly on Cambria Street, at or near a point where it converges with Glenwood Avenue. The streets were wet with a heavy wet snow. At that point Cambria Street is practically an east and west street, and is not continued on the west side of Broad Street. Glenwood Avenue is northeast to southwest and does continue on the east side of Broad Street, which runs north and south. There is thus formed a large open space from the south curb of Glenwood Avenue to what would be a continuation of the north curb of Glenwood Avenue and from the east curb line of Broad Street east to the convergence of Cambria Street and Glenwood Avenue. Plaintiff was approaching the west side of Broad Street, with a red traffic light against him, and was idling at the rate of about 5 or 8 miles per hour, waiting for the signal to change, and was about 25 feet west of the west curb line of Broad Street. Suddenly the de-

fendant's car, traveling at the rate of about 25 miles per hour, loomed 'right on top of him.' Plaintiff immediately swerved or tried to turn his car toward the right, but was unable to prevent a collision, and defendant's truck sideswiped the plaintiff's car, damaging it and injuring the plaintiff. Defendant filed no affidavit of defense and offered no testimony at the trial.

"This was not an ordinary case of right-angle collision. The plaintiff was stopping his car and waiting for a traffic signal in order to turn into Broad Street. He was not contributorily negligent in being where he was. The truck of the defendant came from Broad Street at a rapid rate of speed under the circumstances, and turned into the wide open space at that point for the purpose of continuing either into Glenwood Avenue or Cambria Street. It would seem that for the defendant to drive his car at such a rate of speed on a street wet with heavy snow, and snow falling at the time, was, in our judgment, enough evidence of negligence on the part of defendant's driver to warrant a submission of the case to the jury, if there had been one, and in the absence of any evidence from the defendant, the trial judge was fully warranted in finding the defendant negligent and the plaintiff entitled to recovery."

The findings of the trial judge without a jury are as binding upon us as would be the verdict of a jury, if sustained by legally competent evidence. A careful reading of the testimony leads us to the conclusion that the court was fully justified in its findings and entry of judgment for plaintiff.

The plaintiff was on his proper side of the street, with his automobile under perfect control. The defendant came over onto plaintiff's side where defendant had no right to be, going at a rate of speed dangerous under the conditions of the street at the time. The testimony did not disclose any contributory negli-

gence on part of plaintiff which would warrant a finding in favor of defendant. As stated in the opinion of the trial judge: "The plaintiff was stopping his car and waiting for a traffic signal in order to turn into Broad Street. He was not contributorily negligent in being where he was." The collision here is not a right angle collision; it is a case of the defendant running directly into the side of plaintiff's car. The driver of the car is not required to anticipate and guard against the want of ordinary care on the part of another.

The assignments of error are overruled and judgment affirmed.