Cohen *v.* Boslover Beneficial Association, Appellant.

Argued October 16, 1934. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*B. D. Oliensis,* and with him *Herman Toll,* for appellant.

*David S. Malis,* for appellee.

OPINION BY TREXLER, P. J., January 4, 1935:

This is an action of assumpsit brought by the widow of a deceased member to recover the sum of $500 death benefit from the Boslover Beneficial Association. At the trial the pleadings were offered in evidence and by a comparison between the statement of claim and affidavit of defense, it appeared that the decedent was a member of the defendant association in good standing during his lifetime, and this being so the presumption is that he continued to be so: Tkatch v. Knights and Ladies of Security, 264 Pa. 578, 107 A. 890, and our recent case of Glou v. Security Benefit Assn., 114 Pa. Superior Ct. 139, 143. The defense was that he was in arrear at the time of his death and according to the by-laws of the defendant association, his widow was entitled to $100 instead of $500. If the defendant sought to prove that the plaintiff's decedent had not paid his dues the burden was on it to do so. The defendant failed in this respect. It failed to prove the adoption of the amendment. The secretary of the defendant association was unable to produce the original books, and the court adjourned the case to a subsequent date in order that the defendant could have an opportunity to produce the testimony required to sustain the allegations in the affidavit of defense. Upon the day set the secretary was recalled and testified that he did not have the original constitution and by-laws and could not find them; that he had never seen them, that he had all the time necessary to search for them and that he looked for them in the place where he thought they were. He testified as to who was his predecessor in office, but the defendant had not subpoenaed him. At this juncture the trial judge very graciously, whether properly we need not discuss, stated to counsel that he would permit him to offer testimony of any one who had seen the original and had read it. There was no attempt made to comply

with this offer. Since there was no competent evidence to prove what the by-law was, the court very properly refused to consider the copy which had been produced, verified (?) by the secretary who admittedly had never seen the original. The former secretary, if called no doubt, could have thrown light upon the existence or non-existence of the original by-laws and could have, if indeed it ever occurred, shown a compliance with the provisions relative to amendments. The constitution and by-laws of a beneficial society cannot be proven by the expert testimony of a witness, or his familiarity with them: Tkatch v. Knights and Ladies of Security, supra. There was, therefore, no evidence in the case submitted by the defendant to prove that the plaintiff's decedent was not in good standing. The lower court has cited a number of cases from other jurisdictions supporting the position it assumed. The cases are summarized as follows in Bacon on Ben. Soc. & Life Ins., Sec. 414. "If by reason of his conduct or failure to comply with the regulations or requirements of the benefit society, the member has lost his good standing, the society, must show this fact, for status once fixed is supposed to continue until the contrary is shown,—the fact is one of defense and is one peculiarly within its knowledge." There must be proof of the enactment of the law changing the status of a member; such proof cannot be the loose declarations of some man, who has no intimate acquaintance with the constitution and by-laws and in fact has never read them.

The defendant, as a last resort, relies upon the Act of May 20, 1921, P. L. 916, Sec. 2. This is an act referring to fraternal beneficial societies and their status. It provides, "Each society shall file with the Insurance Commissioner a duly certified copy of its constitution and laws as enacted, and as changed, added to, or amended within ninety days after enact-

ment. Printed copies of the same duly certified by the secretary or corresponding officer thereof, shall be prima facie evidence of the legal adoption thereof.'' It would seem that the filing of a copy of its constitution and by-laws is a prerequisite to its being offered in evidence by copy. The act evidently contemplated that publicity should be given to the rules that were enacted by the association by a certified copy being filed with the insurance commissioner and that after this was done any printed copy certified could be received in evidence. Moreover, there was no evidence shown that the defendant was a fraternal beneficial society covered by the act. The act applies only to such as are associations with ritualistic form of work and a representative form of government.

The conclusion of the lower court is justified. ''We find that the plaintiff has made out a prima facie case and that the burden of proof that the deceased member was not in good standing was upon the defendant beneficial association. This burden it failed to meet.''

The judgment is affirmed.