## Pisko *v.* First Catholic Slovak Union of United States of America, Appellant.

Argued April 24, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

74

*Peter P. Jurchak,* with him *John A. Virostek* and *Charles A. Chapla,* for appellant.

*Basil Onyshkow,* for appellee.

OPINION BY STADTFELD, J., July 18, 1935:

This is an action in assumpsit brought by plaintiff against the defendant to recover the sum of One Thousand ($1,000) Dollars on a beneficiary certificate issued by defendant, a fraternal benefit society, on the life of Hric Pisko.

Hric Pisko, deceased husband of the plaintiff, Mary Pisko, became a member of the defendant society on the 1st day of October, 1915. A benefit certificate in the sum of One Thousand ($1,000) Dollars was issued to him in which certificate, Mary Pisko, his wife, was designated as beneficiary. The deceased, Hric Pisko, paid all dues and assessments to the defendant corporation up to the time of his death.

In his application for membership, the insured stated that he was a member of the Ukrainian Greek Catholic Church in New Alexandria, Pa., which Church is under the jurisdiction of the Ukrainian Greek Catholic Bishop of Philadelphia, appointed by the Pope of Rome. In 1931, the insured, with his family, moved to Sharon, Pa. During his residence in Sharon, he died on the 14th day of April, 1933.

There being no Ukrainian Greek Catholic Church in Sharon, Pa., (the nearest church is in Youngstown,

Ohio) the plaintiff engaged an Orthodox Greek Catholic priest to conduct funeral services. Two days later, after the plaintiff had all the arrangements made for the funeral, local officers of the defendant's lodge No. 111 of Sharon, came and demanded that the deceased be buried by the Carpathian Russian Greek Catholic Priest of Farrell, Pa.

The plaintiff filed proofs of death as required by the by-laws, but the defendant refused to pay the death benefit alleging that the deceased violated provisions of sections 3, 4 and 10 of the defendant's by-laws and, as a result thereof, forfeited his right to death benefits.

The case was tried before the court without a jury.

The trial judge gave judgment for the plaintiff. Defendant filed motion to open the judgment and for judgment in favor of the defendant, upon the whole record, and a motion to open judgment and for new trial, all of which the trial court refused. From the orders refusing said motions, in an opinion by McKim, J., this appeal was taken.

As stated in the opinion of the lower court defendant does not contend that at the date of the issuance of the certificate of membership the insured was disqualified because of adherence to any church other than the Greek Catholic Church under jurisdiction of a bishop of Roman Catholic faith. Nor is it contended that the certificate issued to the insured was issued because of false or fraudulent representations of his religious affiliation at the time the certificate of membership was issued to him.

Section 4 of the By-Laws of defendant society provides as follows: "Sec. 4. A member of the F. C. S. U. cannot be a member of any secret or other society forbidden by the Roman Catholic Church and cannot belong to any Church not under jurisdiction of a Bishop of Roman Catholic Faith. Membership in such society or church shall be considered a withdrawal from the

Union and the name of such person shall be stricken from the roll of membership of the F. C. S. U. and all money, rights and benefits shall be forfeited, except as provided in Section 9a. The Supreme President is hereby authorized to expel members for violation of this section after such member has been tried in accordance with Article 58. By-Laws of Subordinate Branches."

As stated by the court below: "The pleadings and proof raised but one question, namely: 'Did the insured member, subsequent to his acceptance as a member by the defendant association, forfeit his right to membership by renouncing the Roman or Greek Catholic Faith under the jurisdiction of a Roman Catholic bishop?"

At the trial of the case, plaintiff offered in evidence the certificate of membership in which plaintiff was named as a beneficiary, proof of death of the insured, and the payment of all dues and assessments from the date of the issuance of the certificate of membership up until the date of death of the insured.

Plaintiff testified that after they moved from New Alexandria to Sharon, they did not belong to any particular church; that her husband was buried by the Orthodox priest in Sharon, because at the Greek Catholic Church she would be required to pay something while the Reverend of the Orthodox Church buried him for nothing because she was poor; that it was after she had made all arrangements for his burial, the officers from the other Greek Catholic Church came along and wanted to bury him and she could not change the arrangements.

The testimony ex parte plaintiff established a prima facie case. The burden was then on the defendant to show that the insured had forfeited his rights under his certificate of membership by non-conformance with the Greek Catholic faith under the jurisdiction of a Roman Catholic Bishop. Tkatch v. Knights and Ladies of Security, 264 Pa. 578, 107 A. 890. Quoting from the

opinion of the lower court in said case and which was adopted by the Supreme Court, "When a breach of any particular condition is relied upon, the defendant has the burden of proving it." To same effect see Glou v. Security Benefit Asso., 114 Pa. Superior Ct. 139, 173 A. 883.

Quoting from the opinion of the lower court in the instant case: "An examination of the official notes of testimony convinces us that the defendant has failed to meet this burden. The testimony of the defendant, considered in its most favorable light, proved nothing more than that the insured on two or three occasions attended an Orthodox Greek Catholic church in Sharon and that the insured was buried by the pastor of the Orthodox Greek Catholic Church. There was not sufficient proof that the insured had recognized the Orthodox Greek Catholic Church or that he became a member of any other church prohibited under the by-laws of the defendant association. The pastor of the Orthodox Greek Catholic Church in Sharon, called as a witness, testified that the insured had been at his church two or three times, but the witness testified positively that he had never joined the church and that he had never in any way supported the church."

"We are of the opinion that the proofs offered by the defendant were insufficient to rebut the presumption established by the plaintiff as to the qualifications of the insured to hold membership in the defendant association and the right of the plaintiff as beneficiary under the certificate of insurance issued to the insured to recover the amount of insurance provided therein."

A finding by a trial judge without a jury if supported by legally competent evidence is as binding as the verdict of a jury. Hall & Co. Inc. v. Lyon Singer Co., 286 Pa. 119, 133 A. 217; Marks v. Feldman, 92 Pa. Superior Ct. 390; Philadelphia Inquirer Co. v. Sabia, 90 Pa. Superior Ct. 266; Weinberg v. Broomall, 111 Pa. Superior

Ct. 115, 169 A. 393. A careful examination of the testimony leads us to the same conclusion as that of the lower court.

It may also be noted that there was no evidence of any expulsion from membership of decedent in his lifetime by the Supreme President in accordance with the provisions of Sec. 4 of the By-Laws, quoted supra.

The assignments of error are overruled and judgment affirmed.