Brown, Appellant, *v.* Home Insurance Company.

Argued May 1, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel Kaufman,* for appellant.

*William A. Jordan,* for appellee.

OPINION BY STADTFELD, J., July 18, 1935:

John W. Brown brought an action of assumpsit in the County Court of Allegheny County, against The Home Insurance Company, New York, to recover the sum of one thousand dollars with interest from August 9, 1933, upon a policy of fire insurance covering household furniture of the plaintiff.

The policy is dated May 13, 1933 and is for the amount of one thousand dollars. The term for which it was issued, as appears in the policy, was "for the term of one week from the 15th day of May, 1933 at noon, to the 22d day of May, 1933, at noon." It provided "Premiums must always be paid in advance."

The policy also provided, inter alia, "It is understood and agreed that this policy may be extended by endorsement in the Premium Receipt Book issued to the assured, and bearing date the same number as this policy."

A Premium Receipt Book was issued to the assured, the appellant, and entries were made therein showing payments of premium made by him. The last entry in the Premium Receipt Book was for the payment by appellant on June 21, 1933 of 45 cents, being payment in advance of the weekly premium for the weeks commencing June 26, 1933, July 3, 1933, and July 10, 1933.

The fire occurred August 9, 1933 at 4 o'clock A. M., resulting in loss and damage in excess of the sum of $1,000. The defendant company denied liability on the policy for the following reasons: 1. At the time of the fire the plaintiff was in default in the payment of the premiums due July 17, 1933, July 24, 1933, July 31, 1933, and August 7, 1933, and on August 9, 1933, when the fire occurred, the plaintiff was in default in payment of premiums due under the policy for four consecutive weeks prior to fire, and under the terms, provisions, and conditions of the policy sued upon, the policy was void. 2. The defendant denied that the plaintiff made any payment whatsoever in July, 1933, and denied that defendant's agent had issued to the plaintiff a receipt for payments in July, 1933. It averred that no such payments had been made and that no receipt had been given by the defendant's agent at that time.

The policy provided that it "shall be void if payments are not made for four consecutive weeks," and there was printed on the premium receipt book prescribed by the company the following: "No claim for loss to the property named in the policy will be admitted if the policy holder is in arrears over four weeks at the time of the happening of any fire."

The case came on for trial before SOFFEL, J., without a jury.

The plaintiff appellant produced evidence at the trial to prove the payment of 45 cents (premiums for 3 weeks) in July, 1933, but the trial court found that no such payment had been made.

The trial court held that the policy was void on August 9, 1933, because payment had not been made in advance of the premium for the four weeks commencing July 17, 1933, July 24, 1933, July 31, 1933, and August 7, 1933, and entered judgment in favor of defendant. A motion to open the judgment, and for judgment on

the whole record, was made by plaintiff, which motion was overruled in an opinion by SOFFEL, J.

"The findings of a trial judge without a jury are as binding upon us as would be the verdict of a jury": Weinberg v. Broomall, 111 Pa. Superior Ct. 115, 169 A. 393.

The trial court found "That no payments of premiums were made by plaintiff after the said payment of 45 cents made on June 21, 1933." The credibility of the witnesses is for the trial court. There is ample evidence to sustain the finding.

The sole question for our determination is whether, under the facts as found, the policy was void on August 9, 1933, the date of the fire.

Appellant contends that the admitted payment of the premium for the week commencing July 10, 1933, and ending July 17, 1933, continued the policy in force beyond August 9, 1933, because appellant was not then in arrears over four weeks, and, under the terms of the policy, the policy holder must be in arrears *over four weeks* before there can be a forfeiture.

The general principle governing forfeitures in matters of insurance is correctly stated in 32 C. J. 1296, as follows: "Terms and conditions in a contract of insurance which may operate to work a forfeiture are to be construed most strictly against the party seeking their enforcement, and, where susceptible of more than one meaning, that meaning which is most favorable to insured should be adopted, ......" To same effect, Reck v. Ins. Co., 163 Pa. 443, 30 A. 205; Frick v. Ins. Co., 218 Pa. 409, 67 A. 743; Mellon v. Ins. Co., 40 Pa. Superior Ct. 623.

The lower court, in support of its conclusion, computed the four week period as follows: "The policy in question is a weekly policy in force and effect only for the term of a week from Monday noon of one week to Monday noon of the next week. On June 21, 1933,

premium in the amount of $.45 was paid. This paid the policy through the week of July 10, 1933. At noon on Monday, July 17, 1933, a premium was due for that week; none was paid. On July 24, 1933, a premium was due for that week; none was paid. On July 31, 1933 a premium was due and owing for that week; none was paid. On August 7, 1933, a payment was due and owing for that week; none was made. Under the terms and conditions of the policy we find that the trial judge's method of computation was correct; that there was a lapse in payment for four consecutive weeks; that the policy was void."

While the policy provided for payment of premiums in advance, and stipulated that the same shall be void "if payments are not made for four consecutive weeks," the company had indicated its own construction of the terms, by the printed portion of the Premium Receipt Book issued to appellant as follows: "No claim for loss to the property named in the policy will be admitted, if the policy holder is *in arrears over four weeks* at the time of the happening of any fire." (Italics supplied.) The payment of the premium for the week commencing July 10, 1933, kept the policy alive up to and including July 17; for the failure to pay the premium due July 17, appellant was not in arrears one week until July 24; for the failure to pay the premium on the latter date he would not be in arrears for two weeks until July 31; for the failure to pay the premium due on the latter date he would not be in arrears for three weeks until August 7; for the failure to pay the premium due on the latter date he would not be in arrears for four weeks until August 14, until which time no forfeiture could be asserted. On August 9, 1933, the date of the fire, the policy was in full force and effect. Under the method of computation adopted by the lower court, a forfeiture would be effected when appellant was in arrears only three weeks, as the policy was ad-

mittedly paid up to noon of July 17, 1933, and August 7, 1933 is only three weeks after July 17, 1933. In other words, the next premium was due on July 17, 1933, and that premium was in arrears only three weeks and two days on August 9, 1933, the date of the fire.

The judgment of the court below is therefore reversed and the record is remitted with directions that judgment be entered against the defendant on the whole record for $1,000 with interest from December 5, 1933.