## Chisom v. United National Insurance Company

*W. A. Goichman,* for plaintiffs.

*Gerber & Galfand,* for defendant.

GOLD, P. J., April 13, 1966.—This proceeding arises from defendant's appeal of this court's order making plaintiffs' rule to compel arbitration absolute.

Plaintiffs, a mother and daughter, sustained personal injuries in an automobile accident on January 22, 1965, when their vehicle was struck by a vehicle operated by John A. Brown, who did not carry liability insurance. Plaintiffs were covered for liability and uninsured motorists by defendant, United National Insurance Company.

It is alleged by plaintiffs, and not denied by defendant, that a representative of defendant company interviewed Mrs. Chisom on February 6, 1965, at which time he was informed of her representation by counsel. Thereafter, on February 11, 1965, defendant company wrote plaintiffs directly, requesting them to arrange for a physical examination within 72 hours after receipt of the letter. Reference was made in the letter to the address and phone number of a Dr. Samuel Leiter. No copy of the letter was sent to plaintiffs' attorney.

On March 22, 1965, defendant company was informed by plaintiffs' attorney of the uninsured status of Mr. Brown, and that a claim under the uninsured motorists provision of the policy would be forthcoming. On March 31, 1965, defendant declined coverage under the medical payment and uninsured motorists endorsements of the policy, the basis of the disclaimer being the failure of plaintiffs to submit to a physical examination within the required time, as set forth in defendant's letter of February 11, 1965.

The policy of insurance provides under paragraph 2 "Conditions":

"The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require".

It is a well-settled rule in Philadelphia County and in most other jurisdictions that the insured has the

right to be represented by an attorney at these examinations and to refuse to be examined if this right is denied: 5 Appleman Ins. L. & P. §3551, pages 739-40.

At depositions taken on August 11, 1965, Paul Ribner, Esq., and Edward L. Wolf, Esq., two prominent members of the Philadelphia bar, testified on behalf of plaintiffs that in every instance the insurance companies first will contact the attorney: Mr. Wolf, an expert in the negligence field, testified as to the prevailing custom:

"I have never known any instance where an insurance company knew of my representation and proceeded directly to contact my client for the purpose of insuring a medical examination. My understanding and my observation of the custom which has existed during the period of time that I stated is very simple, and that is that any time an insurance company knows that any individual is represented by a lawyer and they want a medical examination for any purpose, they proceed through the lawyer to arrange that medical examination".

At best, plaintiffs' failure to submit to a physical examination within 72 hours, as required in defendant's letter of February 11, 1965, is a technical breach of the insurance contract. To escape liability, the insurer must show that the breach has resulted in substantial prejudice to its position: Conroy v. Commercial Casualty Insurance Co., 292 Pa. 219 (1928). See also Coventry Mutual Live Stock Insurance Association v. Evans, 102 Pa. 281 (1883).

By the very terms of the insurance contract, the physical examination is to take place at times when the company may *reasonably* require. It is this court's opinion that 72 hours is not reasonable, especially since de-

fendant knew of plaintiffs' representation by counsel and deliberately, contra to the prevailing custom in this city, chose to bypass counsel and deal directly with plaintiffs.

The court is also well aware of Judge Gleeson's opinion in Helfand v. State Farm Mutual Insurance Company, 36 D. & C. 2d 301 (1965), and the case of Jordan v. Allstate Insurance Company, 30 D. & C. 2d 486 (1963).

In the Helfand case, the basic question before the court was whether the motorist who caused the personal injuries complained of was, in fact, uninsured. The material portion of the insurance policy limited arbitration to the liability or nonliability of the alleged uninsured motorist, together with the amount of damages.

In the Jordan case, the respondent filed an answer to plaintiff's petition denying that the motorist was uninsured and that plaintiff's husband was not an "insured" under the terms of the policy, since he was not a member of petitioner's household at the time of the accident. The court held that the arbitration was limited to whether the insured was legally entitled to recover damages from the owner or operator of the uninsured vehicle, and, if so, entitled to the amount of such damages.

In both of the above cases the issue was whether the person causing the personal injuries was, in fact, uninsured. The terms of the policies narrowed the arbitrable issues to the questions of (1) liability and (2) the amount of damages. Both petitions to compel arbitration were rightfully dismissed.

In the instant case, the material part of the policy limits arbitration to the same two basic questions, but there is no question as to uninsured status of the motorist causing the personal injuries. Defendant company feels that the breach of the policy, as set forth

above, is not an arbitrable issue and should be set down for separate trial prior to the arbitration proceeding.

However, this court feels there is, in fact, no breach of the policy as a matter of law. The factual situation presented shows a complete lack of candor on the part of defendant insurance company with reference to its dealing with plaintiffs and their attorney.

Finally, defendant insurance company was in no way prejudiced by the alleged breach of the policy provisions. It certainly will not be denied the right to examine plaintiffs, accompanied by counsel, within the near future.

Without the slightest showing of prejudice, there can be no breach of the insurance contract. See Gordon v. London & Lancashire Indemnity Company of America, 128 Pa. Superior Ct. 45 (1955); Frank v. Nash, 166 Pa. Superior Ct. 476 (1950).

Accordingly, plaintiffs' rule to compel arbitration is hereby made absolute.