A. ROTHERMAL ET AL. v. W. M. HUGHES ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 14, 1890—Decided May 5, 1890.

1. A note is not invalid because given in the settlement before a committing magistrate of a criminal prosecution for obtaining goods by means of false pretences, such settlement being authorized by § 9, act of March 31, 1860, P. L. 432: Geier v. Shade, 109 Pa. 180.
2. Such note being given for a valid consideration, the fact that the principal debtor therein procured the signatures of sureties by means of a fraud upon them, will not invalidate the note, without evidence that the payees had notice of the fraud.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and McCOLLUM, JJ.

Statement of Facts.

No. 143 July Term 1889, Sup. Ct.; court below, No. 32 January Term 1887, C. P.

On November 2, 1886, Amos Rothermal and Cyrus Kauffman, trading as Rothermal & Kauffman, brought debt against A. H. Dankle, M. C. Ramsey, W. M. Hughes, J. B. Hutchinson, Samuel B. Cressman, H. Halsey, Att'y, C. F. Hill, and William H. Hertz, to recover upon a joint note made by the defendants to the order of Rothermal & Kauffman, dated March 31, 1885, for $800, at one year after date. Dankle and Ramsey were not served; the other defendants pleaded nil debent and payment with leave.

At the trial on June 4, 1889, the plaintiffs having rested, the defendants introduced testimony to the effect that sometime in 1883, A. H. Dankle gave Rothermal & Kauffman, in settlement of a mule deal, his note for $1,065; that in March, 1885, this note being unpaid, Rothermal & Kauffman made information charging A. H. Dankle with obtaining goods by means of false pretences, and had him arrested; that, when Dankle appeared before the committing magistrate, a settlement was agreed upon whereby it was arranged that upon Dankle's giving his individual note for $200 and another note for $800, with sureties, to the prosecutors, the latter would abandon the prosecution and give the defendant a year in which to pay the indebtedness; that this arrangement was carried out, the prosecution was abandoned, the old note surrendered and the new notes left with the magistrate and by him sent to the prosecutors; that in order to procure the signature of Mr. Hughes to the note in suit, Mr. Dankle represented to him that if he would sign it certain other gentlemen known to Mr. Hughes would also sign it, and Mr. Hughes signed it upon condition that it should not be delivered until it had been signed by the other gentlemen, which condition was violated; that to Mr. Hertz, to obtain his signature, Mr. Dankle represented that he was the owner of certain valuable property in Hazleton, which was false. The defendants contended that, the note being a joint note, the release of these two sureties, by reason of the fraud upon them, operated to discharge all. There was no evidence, however, that the prosecutors had knowledge of the alleged fraud upon the sureties.

Charge of Court below.

The court, RICE, P. J., having stated the facts, charged the jury:

[We are of opinion, as a matter of law, that on all the testimony in the case, the plaintiffs are entitled to a verdict.] [1] . . . .

If the withdrawal of the criminal prosecution were the sole consideration for this note in suit, we would agree with the defendants' counsel that the plaintiffs would not be protected as bona fide purchasers for value, against the fraud which Dankle had committed upon the sureties, whose names he had secured to the note. But, according to the testimony, that was only a part of the consideration. The settlement of the claims which they held against Dankle was also a consideration for the note in suit. [This amounted, in our opinion, according to the testimony, to a good accord and satisfaction,—the agreement by the plaintiffs to take a note, with security, payable a year from date, and Dankle's individual note in satisfaction of their claims against him; and this, in our judgment, made them bona fide purchasers for value, the same as if on the faith of this note they had given to him property to the extent of its value.] [6]

Now, while it is true that fraud in the procurement or misappropriation of a note may be a defence, it is not a defence as against one who is a bona fide purchaser for value, without notice, and it is not contended that the plaintiffs had any notice of the fraud which Dankle had committed upon Hughes and Hertz; therefore, we conclude that, [upon all of the testimony in the case, the plaintiffs, being bona fide purchasers for value, without notice of the fraud which Dankle had committed upon his sureties, are entitled to a verdict for the face of the note, with interest on it from the date when it became due.] [7]

Plaintiffs' counsel request us to charge you upon certain points which are as follows:

1. False pretence is a misdemeanor, and can be compromised. Answer: This is affirmed.[2]

2. A note given in relief of one arrested on a charge of false pretence, when given also in settlement of the indebtedness of the prosecutor against the defendant, for the goods obtained, is valid, and a chancellor will not forbid its collection. Answer: This is affirmed.[3]

3. In a suit by payee against makers of a negotiable instru-

Arguments.

ment, parol evidence cannot be admitted to contradict or vary the written instrument, on the ground of fraud, accident or mistake in the creation of the same, without proof of knowledge of such fraud, accident or mistake be produced, showing payee had such knowledge.

Answer: We decline to charge as requested in that point. The point would be well taken in the case of a payee who was the bona fide purchaser for value, but not otherwise.

4. There being no evidence in this case that plaintiffs had notice of any fraud in the execution of the note in suit, and having shown that they are bona fide holders for value, the verdict must be for the plaintiffs.

Answer: This point we affirm.[4]

5. Under all of the evidence in the case the verdict must be for the plaintiffs.

Answer: This is also affirmed.[5]

The jury returned a verdict for the plaintiffs for $954.78. Judgment having been entered, the defendants took this appeal, assigning for error:

1. The portion of the charge in [  ] [1]

2–5. The answers to the plaintiffs' points.[2 to 5]

6, 7. The portions of the charge in [  ] [6 7]

*Mr. Q. A. Gates* (with him *Mr. W. S. McLane*), for the appellants.

Upon the defence of fraud upon the sureties by the principal debtor, counsel cited: Hart v. Trust Co., 118 Pa. 565; Bower v. Hastings, 36 Pa. 285; Hoffman v. Foster, 43 Pa. 137. That the note was void by reason of the duress by which it was obtained: Shaw v. Spooner, 9 N. H. 197 (32 Am. Dec. 348); Osborne v. Robbins, 36 N. Y. 365; Alexander v. Pearce, 10 N. H. 494; Baylies on S. & G., 217; Prough v. Entriken, 11 Pa. 81; Schmidt v. Weidman, 63 Pa. 173; Erie Boot & Shoe Co. v. Eichenlaub, 127 Pa. 164; § 111, act of March 31, 1860, P. L. 410; Foster v. Collner, 107 Pa. 305; Miller v. Stem, 2 Pa. 286.

*Mr. C. H. Ruhl* (with him *Mr. Daniel Ermentrout* and *Mr. Hubbard B. Payne*), for the appellees.

That the note was not invalid though given in the settlement of the criminal prosecution, counsel cited: Steinbaker v. Wilson, 1 Leg. Gaz. R. 76; Bredin's App., 92 Pa. 247; Geier v. Shade, 109 Pa. 180. That there was no legal duress: Jordan v. Elliott, 12 W. N. 59; Union N. Bank v. Dersham, 15 W. N. 542.

PER CURIAM:

It was decided in Geier v. Shade, 109 Pa. 180, that a note given in settlement of a criminal prosecution for obtaining money by means of false pretences was founded upon a valid consideration. So far from the settlement of this class of cases being illegal, it is expressly authorized by the ninth section of the act of March 31, 1860. Either the magistrate before whom the proceedings are commenced, or the court to which they are returned, may permit it. This principle is so well settled that we are surprised that such a question should be seriously made in this court.

The note in controversy was given in settlement of such a claim. The plaintiffs were holders for value; there was an accord and satisfaction, and they had no notice of the alleged fraud of Dankle in procuring the signatures.

Judgment affirmed.