## Vacancy in Office of Magistrate.

*Public officers — Magistrates — Vacancy in office—Conviction of crime— Involuntary manslaughter not an infamous crime.*

Conviction of a magistrate of involuntary manslaughter and of driving his motor-car while intoxicated does not create a vacancy in his office under art. vi, § 4, of the Constitution, since the conviction is not of an infamous crime.

Attorney-General's Department. Opinion to Hon. William C. Sproul, Governor of Pennsylvania.

ALTER, Att'y-Gen., March 8, 1921.—I have your request for an opinion whether a vacancy exists in the office of magistrate in Philadelphia, owing to the incumbent being convicted of involuntary manslaughter and also of driving a motor-car while intoxicated.

Article vi, § 4, of the Constitution, provides as follows: "All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. All officers elected by the people, except Governor, Lieutenant-Governor, members of the general assembly and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

It is not necessary to decide whether the first sentence of this section contemplates an automatic removal or a removal in the manner provided in the last sentence, unless the present conviction is for misbehavior in office or of an infamous crime.

Of course, it is apparent that the conviction is not of misbehavior in office, as it related to no official act. It seems, also, that the conviction does not involve what the law classes as an "infamous crime."

The Supreme Court has said that "involuntary manslaughter is where it plainly appears that neither death nor great bodily harm was intended, but death is accidentally caused by some unlawful act, not amounting to felony; or by an act not strictly unlawful in itself, but done in an unlawful manner and without due caution:" Com. *v.* Gable, 7 S. & R. 423, 428.

In Schuylkill County *v.* Copley, 67 Pa. 386, 390, Mr. Justice Agnew said: "Infamous crimes are treason, felony and any species of the *crimen falsi.*"

This rule is also announced in other cases. A different rule seems to prevail in the United States courts, but with that we are not concerned. The

Vacancy in Office of Magistrate.

rule in Pennsylvania appears to be clear. As involuntary manslaughter is a misdemeanor, not a felony nor any species of the *crimen falsi* in which are classed such offences as forgery and perjury, it does not come within the definition of an "infamous crime."

Consequently, the case would seem to fall within the last provision of the section, authorizing the Governor to remove upon reasonable cause, after hearing, upon the address of two-thirds of the Senate.

You are advised, therefore, that nothing is required upon your part in this case at this time.                From Guy H. Davies, Harrisburg, Pa.