Stauffer and Stauffer v. Gebhardt, Appellant.

·Argued October 20, 1931.

Be-fore Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Earl V. Compton,* and with him *Robert T. Fox,* for appellant, cited: The County of Schuylkill v. Copley, 67 Pa. 386; Letvin v. Phoenix Insurance Company, 91 Pa. Superior Ct. 422.

*Carl B. Shelley,* and with him *J. Andrew Frantz,* for appellee.—Where one of two innocent parties must suffer loss by reason of the fraud or deceit of another, the loss should fall on him by whose act or omission the wrongdoer has been enabled to commit the fraud: Froio et ux. v. Armstrong et al., 277 Pa. 18.

Opinion by Linn, J., December 11, 1931:

Judgment was entered for want of a sufficient affidavit of defense. Plaintiffs leased premises in Lancaster to Herbert F. Gebhardt and Clyde M. Swarr. At the foot of the lease, are two contracts of suretyship, one signed and sealed by defendant, Harry T. Gebhardt, and the other by A. Herbert Swarr; each

provides that the surety shall be liable for one-half the rent.

This suit for $1,375 is by the lessors against Harry T. Gebhardt on the suretyship contract bearing his name. The denial of liability in the affidavit of defense is as follows: "Paragraph 4 of the plaintiffs' statement is denied and for further answer thereto the defendant avers that he did not request the plaintiffs to enter into said indenture of lease with Herbert F. Gebhardt and Clyde M. Swarr as lessees, and had no knowledge thereof and avers that he did not become surety in writing for the faithful performance of said contract on the part of said lessees and for the payment of one-half the above rent for the reason that on or about the eighth day of February, 1930 [date of the paper] he was suffering with an affliction of the eyes commonly called pinkeye, and because of which he was unable to read; that at said time the said Herbert F. Gebhardt came to him with a paper which he represented to be a guarantee for the payment by the said Herbert F. Gebhardt of the purchase of five hundred ($500) dollars worth of merchandise; that your affiant requested the said Herbert F. Gebhardt to read said paper to him which the said Herbert F. Gebhardt did; that thereupon, your affiant proceeded to sign said papers when the said Herbert F. Gebhardt fraudulently, unlawfully and without the knowledge or consent of your affiant substituted the guarantee of said lease agreement for one of said guarantee of said purchase price of said merchandise, and did obtain the signature of your affiant thereto under the belief by your affiant that he was signing the guarantee for the purchase price of said merchandise as aforesaid. Wherefore your affiant avers that the said guarantee or contract of suretyship as attached to said lease and marked Exhibit 'A' of the plaintiffs' statement is not the act or contract of your affiant."

That averment is sufficient to prevent summary judgment on the pleadings. In entering judgment the learned court below said: "The misrepresentation, if any, was made by one bearing his [defendant's] own name and in whom he obviously placed confidence. The plaintiff was ignorant of the misrepresentations and in no wise a party thereto. The defendant failed to do what an ordinary prudent man would have done under the circumstances, to wit: to have the instrument read to him by someone else than the one requesting the favor. He placed his confidence in the perpetrator of the fraud if a fraud was committed. The court held that County of Schuylkill v. Copley, 67 Pa. 386 did not apply in this case, and was of opinion that "defendant is the one of two innocent persons who should suffer the loss." Under the rule, as generally applied, that where one of two innocent parties must suffer loss by the act of a third, he who clothed the wrongdoer with the power to injure, must himself bear the loss (B. V. D. v. Kaufmann, 279 Pa. 152, 158), a principal is liable for the tort of his agent, actual or constructive, or of one to whom he has entrusted his property in such form that he may, and does, wrongfully deal with it as his own. We assume that the learned court below was of opinion that in mis-reading the paper to defendant, Herbert F. Gebhardt was defendant's agent, or, that in delivering the instrument bearing his signature to Herbert F. Gebhardt, defendant clothed him with power to injure, within the terms of the rule. But Schuylkill County v. Copley, supra, is against the conclusion reached.

In that case, it was alleged that Copley with his mark had executed a surety bond for Fogarty, collector of taxes. Fogarty defaulted, and the county entered judgment on the bond. Copley asserted that he was illiterate, that he had not executed the bond, or authorized anyone to execute it for him; that on the contrary, he had executed a paper represented

to him by Fogarty to be a petition to the county commissioners asking for Fogarty's appointment as tax collector. The county contended that the deception was no defense unless it was shown that the county had knowledge of the fraud before accepting the bond. An issue was accordingly framed for trial—Copley being made plaintiff, and the county defendant—to determine whether the bond, purporting to have been executed by Copley, was in fact his deed. The verdict was for Copley, but a new trial was awarded for error in excluding evidence. The Supreme Court said: "The court below held that the misrepresentation of the contents of the paper avoided it as a bond. The issue, therefore, was the same as if, to a declaration on the bond, non est factum had been pleaded. The instruction of the court was right and follows the distinction stated in Green v. North Buffalo Township, 56 Pa. 114, between a defense resting upon facts which are misstated in order to induce a party to enter into a bond, the contents of which he knows, and one resting on a misrepresentation of the contents of the instrument itself, to an illiterate person. In the former it was said the bond is the obligation of the party who seals it, but is avoided by the false inducement to enter into it; in the latter it is not his deed or bond at all. No authority was cited for this elementary principle, and it is argued that the second proposition is unsound. But it was the first resolution in Thoroughgood's Case, in the time of Lord Coke, 2 Reports, 9 b ......'' See, also, Williston, Contracts, Vol. 3, s. 1488, p. 2648.

As appellees contend that defendant must be liable because it is not alleged that they participated in the alleged fraud on appellant, we note at this point that in Schuylkill County v. Copley it was a fact that the county had no knowledge of the fraud perpetrated on Copley before it accepted the bond.

We therefore lay aside, as not presenting for decision the point raised by this appeal, cases in which the obligee participated in obtaining the execution of the instrument (Johnston v. Patterson, 114 Pa. 398 is an example) and also negotiable instrument cases (see Rothermal v. Hughes, 134 Pa. 510; Cunningham v. First National Bank, 219 Pa. 310; Showers v. Merchants' National Bank, 293 Pa. 241) in which, by the law merchant or negotiable instruments acts, liability is imposed in circumstances in which liability might not follow if the instrument were bond or other nonnegotiable contract, a difference in liability discussed in Carlisle etc. Banking Company v. Bragg, [1911] 1 K. B. 489; and Swan v. North British A. Company, 2 H. & C. 175, 159 Eng. Rep. 73. The cases in this state holding that fraudulent misrepresentation inducing the execution of a bond is no defense against the obligee without knowledge of it (Kulp v. Brant, 162 Pa. 222; Xander v. Commonwealth, 102 Pa. 434; Stewart v. Behm, 2 W. 356 are examples) were cases in which it appeared that the instrument executed was the one which defendant intended to execute, not one which was fraudulently substituted.

In Letvin v. Phoenix Ins. Company, 91 Pa. Superior Ct. 422, we said: "It was, on the other hand, an endeavor to overcome the instrument wholly and set it aside, upon the ground that he had been misled as to the contents thereof, that it was, in fact, not his deed: Stoever v. Weir, 10 S. & R. 25; Green v. North Buffalo Township, 56 Pa. 110; Schuylkill County v. Copley, 67 Pa. 386; Templeton v. Shakley, 107 Pa. 370. The testimony of the plaintiff that he was ignorant of the contents of this release; that the contents thereof had been misrepresented to him by the employee of the defendant; that he did not know that Macht was connected with the insurance company or was in the insurance business, was clear and positive, and sufficient

to require the submission of the question of the validity of the release to the jury." In 13 C. J. page 373, section 252, the rule is stated as follows: "Where some trick is used to substitute another instrument for the one which it is intended to sign, as where a note is substituted for a receipt, and in like cases, the signature has no legal effect, not because the other party is guilty of fraud, but because the person who perpetrates the fraud knows that the other has no intention to execute that kind of an instrument, and hence there is no agreement which can give rights to anyone, except where the signer is estopped by negligence or otherwise [in cases of negotiable instruments, for example] to set up the truth as against bona fide third persons." On the pleadings in this case estoppel cannot be declared as matter of law: Schuylkill County v. Copley, supra.

Judgment reversed with a procedendo.