Kratsas, Admr. et al. *v.* Mugianis, Appellant, et al.

Argued October 13, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Ralph C. Davis,* with him *W. J. Connelly,* for appellant.

*Walter P. Smart,* for appellee.

OPINION BY MR. JUSTICE BARNES, November 23, 1936:

This appeal* by Diamandis Ch. Mugianis, is from a decree in equity declaring null and void an absolute assignment of a policy of life insurance issued to Leonidis Kratsas (also containing a provision for payment for disability) on the ground that it was executed under the mistaken impression that it was a mere assignment as collateral security for repayment of loans and advances made and to be made by defendant to the assured-assignor.

The case was exhaustively considered by the learned chancellor both in the adjudication and in the subsequent disposition on exceptions to the adjudication, to which nothing can now profitably be added.

On evidence that fully complied with the standard set forth in *Broida v. Travelers Insurance Company,* 316 Pa. 444, the following finding of fact was made: "11th. It was the intention of Leonidis Kratsas and Diamandis Mugianis that the policy of insurance was to be assigned only as collateral security for money advanced or to be advanced by Mugianis." The finding was excepted to and the overruling of the exception is assigned for error. We have considered the assignment in the light of appellant's argument and can find not the slightest basis for accepting appellant's position. The evidence of the disinterested witness Thomas, and the letters written by defendant to the insured leave no ground whatever for doubting the correctness of the finding. It is fully supported by the evidence, was so regarded by the court in banc, and must be treated so on appeal: *Custis v. Serrill,* 321 Pa. 154. Indeed the record is convincing that the absolute assignment was obtained by fraud. The plaintiff could neither read nor write English and understood English imperfectly, of all of which Mugianis was

---

* The defendant Insurance Company did not appeal.

cognizant. The instructions to the insurance company, leading to the absolute assignment, were given by the defendant and his son, who at the same time purported to explain in Greek (apparently the only language the assignor could understand) that the paper he was about to execute was an assignment as collateral security. It does not require the citation of authorities to show that such conduct is fraudulent. See *Stauffer v. Gebhardt*, 103 Pa. Superior Ct. 300.

The decree protects the appellant by allowing him to account and to take credit for such loans and advances as he shall show were made; in other words, the transaction was dealt with by the learned court below, as it was originally intended to have been consummated by the parties to the transaction.

The policy was executed November 2, 1929; four beneficiaries were named to take in proportions specified. The assignment was executed January 5, 1932, following a meeting held at the Pittsburgh office of the insurance company on December 14, 1931. On March 8, 1934, the insured meanwhile having become disabled and the question of the right to disability payments having arisen, filed this bill for the correction of the assignment to accord with the facts. A few days later the insured died. His personal representative was substituted (see the Act of June 7, 1917, P. L. 447, Sec. 35-a) and in addition the beneficiaries named in the policy were joined as plaintiffs. Appellant also complains that this was done. The beneficiaries are directly interested in receiving the net proceeds and the defendant insurance company in making proper payments; the defendant is not injured by their joinder.

Decree affirmed at appellant's costs.