## Miller *v.* Mastrocola et al., Appellants.

Argued October 18, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Harry A. Demar,* for appellants.

*Abram Orlow,* for appellee.

OPINION BY RHODES, J., November 18, 1938:

This is an appeal by defendants from an order of the court below dismissing their petition and discharging their rule to open a judgment entered against them on a judgment note accompanying a bailment lease. Such proceedings to open a judgment are a substitute for a bill in equity (*Rome Sales & Service Station v. Finch,* 120 Pa. Superior Ct. 402, 405, 183 A. 54); a petition to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles, and addressed to the sound discretion of the trial court (*Horn v. Witherspoon,* 327 Pa. 295, 296, 192 A. 654; *Mutual Building & Loan Ass'n of Shenandoah v. Walukiewicz et al.,* 322 Pa. 240, 241, 185 A. 648); and on appeal our review is limited to determining whether or not there has been an abuse of that discretion (*United States Savings & Trust Co., to Use, v. Helsel,* 325 Pa. 1, 6, 188 A. 167; *Mielcuszny et ux. v. Rosol et ux.,* 317 Pa. 91, 176 A. 236; *Stoner v. Wise,* 331 Pa. 446, 447, 200 A. 320; *Philadelphia Fixture & Equipment Corp. v. Carroll,* 126 Pa. Superior Ct. 454, 191 A. 216).

An examination of the record convinces us that the learned court below kept within the bounds of its discretionary power. See *Newtown Title & Trust Co. v. Underwood et al.*, 317 Pa. 212, 177 A. 27; *Michaels v. Moritz*, 131 Pa. Superior Ct. 426, 200 A. 176. The judgment was entered by virtue of a warrant of attorney contained in a judgment note admittedly signed by defendants on June 1, 1938. The note in the amount of $850 was payable on demand. At the time defendants signed the note they also signed a bailment lease for certain furniture which they obtained from plaintiff, and husband defendant signed three checks to plaintiff's order, which plaintiff made out for him, one being dated June 1, 1938, for $25, which was paid, the second being dated June 15, 1938, for $12.50, on which that defendant stopped payment, and the third being dated June 22, 1938, for $12.50, on which he also stopped payment. No other payments were made as provided by the lease. Defendants admittedly signed their names twice on one sheet of paper, the lease and the note being drawn on the same piece of paper. The two instruments, however, were separated by perforations in the paper, which were clearly marked in ink.

Defendants set forth in their petition for rule to open judgment that they were both illiterate persons unable to read and write; "that they signed said written instrument in the belief that same was merely an agreement to pay certain installments as the purchase price for certain articles of furniture sold and delivered to the defendants by the plaintiff herein"; and "that defendants' signatures to lease and note were procured by fraudulent misrepresentation as to the contents of the instrument."

Plaintiff's answer denied the averments of the petition, and alleged that defendants were fully acquainted with the transaction, and were fully cognizant of the nature and character of the documents which they signed.

The issues to be considered are only those raised by the petition and answer. *Teutonic Building & Loan Ass'n v. Stein et ux.,* 125 Pa. Superior Ct. 589, 596, 190 A. 189.

At the time of the execution of the lease and the note only plaintiff and defendants were present. Wife defendant did not testify, but it was stipulated that the conversation between her husband and plaintiff at the time the lease and the note were executed was translated to her in Italian by her husband, and that if she were called as a witness she would corroborate the testimony of her husband. Husband defendant testified that he could not read English; that he had been a citizen of this country for sixteen years; that he had been in business for himself six or seven years; that he was then employing four or five people in a bakery, grocery, and delicatessen business; that he had signed papers in connection with workmen's compensation and other insurance; that he had purchased an automobile, obtained a loan thereon, and signed papers in connection therewith; that he had purchased a truck and likewise signed the necessary documents; that he had purchased real state and executed a mortgage. He admitted that he did not tell plaintiff that he could not read English, but stated that he explained to plaintiff that he did not want any judgment against him. Plaintiff testified that this defendant never mentioned anything about a judgment, and that he read the entire lease to defendant, and told him that it had a judgment note at the bottom thereof. Husband defendant stated that the plaintiff only read the list of goods which was incorporated in the lease. There was no complaint about the merchandise or the terms of payment. After rather extensive negotiations defendants obtained what they desired, at a price they were willing to pay. They have continued to use the furniture.

It is significant that husband defendant testified that

he explained to plaintiff that he did not want any judgment note against him, and that as a business man it would hurt his credit, and then further testified that plaintiff made no mention of a judgment note at the time of the transaction, and that after the paper had been read to him by plaintiff he and his wife signed it in two places. According to plaintiff, he also gave the lease and the note to husband defendant to read, and he looked them over before signing.

The court below found that there was no fraud upon the part of plaintiff, and that he did not knowingly take advantage of any illiteracy upon defendants' part. The burden was on defendants to allege and establish a just and meritorious defense to the instrument upon which the judgment was entered. As to this the court below, in its opinion, said: "Defendants have retained and used the furniture but have failed to comply with their agreement to pay for it. Their testimony that they did not know they were signing the judgment note, and that they did so because of plaintiff's fraudulent representations, was not of sufficient weight, in fact or in law, for us to have opened the judgment and to have permitted a jury to pass upon it."

The action of the court below was in conformity with all of the evidence, and constituted no abuse of discretion. No other conclusion would be consistent with the evidence than that husband defendant was "an experienced business man and that he is familiar with and understands the importance and the effect of papers which he signs."

Counsel for defendants argues that the illiteracy of defendants, and the misrepresentations on the part of plaintiff, form the basis of defendants' contention that they are entitled to the opening of the judgment, but agrees that the rule to open the judgment should have been discharged if defendants were able to read English, or if there had not been any misrepresentations

as to the contents of the instrument defendants signed. As to what transpired at the time of the execution of the lease and the note the testimony is conflicting. Husband defendant gave his version, and plaintiff another. As stated by the Supreme Court in *Mielcuszny et ux. v. Rosol et ux.*, supra, 317 Pa. 91, at page 94, 176 A. 236, at page 237: "To open a judgment there must be more than a mere conflict of evidence; it is not a case of oath against oath, but there should be such evidence as carries conviction as to truth, so that a chancellor in forming his deliberate judgment is impressed with the fact that the ends of justice would be met by opening the judgment and submitting the matter to a jury. On the record here presented, the conclusion of the court below was proper."

There is no rule requiring the court to open a judgment upon an averment of illiteracy or inability to read English. The evidence by which it was attempted to prove that defendants were illiterates who executed a writing which had been falsely read to them is insufficient to warrant this court in holding that there was an abuse of discretionary power by the court below in refusing to open the judgment. Defendants cite and rely on *Johnston et al. v. Patterson*, 114 Pa. 398, 6 A. 746; *Stauffer and Stauffer v. Gebhardt*, 103 Pa. Superior Ct. 300, 157 A. 517; and *Kratsas, Adm'r, et al. v. Mugianis et al.*, 324 Pa. 452, 188 A. 290. These cases are not controlling, and are readily distinguishable from the instant case. Husband defendant understood English, and testified in English. Moreover, by his own testimony he displayed a complete comprehension of ordinary business transactions, including the purchase of real and personal property.

The order of the court below is affirmed. Costs are to be paid by appellants.