## DeMuro v. Esler et ux.

*John R. Verbalis* and *Thomas C. Moore*, for plaintiff.
*William J. Fahey*, for defendants.

LEWIS, J., March 28, 1951.—In this case defendant petitioned to open judgment entered by plaintiff pursuant to a clause in a lease between plaintiff and defendant, wherein defendant confessed judgment in the amount of $900, such amount representing one year's

rental value of the premises leased by plaintiff to defendant. Pursuant thereto fi. fa. issued for the sum of $450. This court granted a rule on plaintiff to show cause why said judgment should not be opened, which rule is now before us.

On November 1, 1948, the parties entered into a written lease for premises situate at 32 Terrace Street, Wilkes-Barre, Pa., for the term of one year. The lease contained a hold-over clause and a confession of judgment clause. The lease contained, also, the following provision:

"In the event of lessee's transfer by General Motors, this lease automatically ceases."

Defendant contends that he was transferred by his employer, and that therefore the lease was automatically terminated as of the date of his transfer, and he is not liable for any rent after that date.

From the depositions it appears that defendant, Howard W. Esler, was a district sales manager for the Pontiac Motor Division of General Motors Corporation, and that on April 18, 1950, he was notified that his territory was to be altered, and that, accordingly, he should move to the Allentown-Bethlehem area. This is the transfer averred in defendants' petition, and had defendant been required to move to Allentown or Bethlehem there would be no question but that defendants' petition should be granted. However, the depositions reveal that defendant, within four days, received a further communication from his superiors, to wit, on April 22, 1950, notifying him that it would be necessary only to move to a town where Pontiac had a dealer, and suggested Kingston, Pa. On April 24, 1950, two days later and not April 30th, as is averred in defendants' petition, Esler moved to Kingston, Pa. As it was argued and in fact conceded when the matter was before this court, Kingston adjoins Wilkes-Barre, and the Pontiac agency, situate near the Wilkes-Barre-

Kingston boundary, is approximately the same distance from the Kingston residence as it is from the former Wilkes-Barre residence. Therefore, insofar as location is concerned, there positively could be no benefit to defendants or to the employer of male defendant by the change of residence. Furthermore, we cannot close our eyes to facts known to the court, that the new territory alleged to have been assigned to Esler—particularly Bethlehem—is farther from the Kingston residence than it is from the former Wilkes-Barre residence.

Esler testified that it is the policy of his employer that a district sales manager must "live in the town where your largest dealer resides or approximately the largest dealer". It further appears that there is no Pontiac dealer in Wilkes-Barre, Pa., but there is one in Kingston, Pa. Esler's explanation of why he was permitted to live in Wilkes-Barre for a year and a half and is now required to move to Kingston, Pa., is that "we had a change of manager in the office". Aside from the bland statement of his employer's policy Esler does not attempt to give any logical explanation of why his employer would prefer Kingston to Wilkes-Barre as his place of residence, and it seems unlikely that his employer would have any such preference, as is evidenced by the fact that defendant was permitted to live in Wilkes-Barre from November 1, 1948, until April 24, 1950. Nor did Esler inquire of his employer whether or not there would be any objection to his living in Wilkes-Barre rather than in Kingston, at least until his lease expired. Instead, within two days after he received official notice from his employer he found suitable accommodations in Kingston and established tenancy.

A petition to open judgment is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court: Babcock Lumber

Company v. Allison, 136 Pa. Superior Ct. 353. The burden of proving facts sufficient to warrant the opening of a judgment rests with petitioner: Miller v. Mastrocola et al., 133 Pa. Superior Ct. 210. The court must weigh the evidence and pass upon the credibility of the witnesses: Babcock Lumber Company v. Allison, supra.

Defendant has clearly failed to establish that he was transferred within the obvious meaning of that word as used in the lease. Instead, it appears that he has gone to some lengths to try to avoid liability for his breach of contract. Defendant has not only failed to sustain his burden of proof, but by his testimony has convinced this court that after finding accommodations more to his liking in Kingston, he expended no little effort in his endeavor to avoid liability for his violation of the terms of the lease.

Now, therefore, March 28, 1951, the rule is discharged.