## Denkin v. Sterner

*Luria, Still & Lichtenfeld,* for plaintiffs.

*Markowitz, Liverant, Boyle, Rauhauser & Kagen,* for defendants.

ANDERSON, J., July 16, 1956.—This case comes before the court on a petition by defendants to open a judgment entered upon what is termed a "Purchase Money Security Agreement," containing a warrant of attorney authorizing judgment to be entered upon default by the purchaser. In the petition to open the judgment defendants assert:

(a) That the agreement between the parties is void because it lacks mutuality of obligations and rights.

(b) That the provision in the agreement providing for the entry of judgment for the full amount of the purchase price is contrary to the provisions of the Uniform Commercial Code of April 6, 1953, P. L. 3, and is therefore void and of no effect.

(c) That when the agreement was cancelled, plaintiff had not yet ordered delivery of any of the goods and that the goods in question were in regular stock and did not require special manufacture or prefabrication and could have been sold by plaintiff without any loss.

One further reason was submitted to the effect that some part of the agreement had been detached before entering it in the prothonotary's office. However, this phase of the matter was abandoned by counsel at the argument presented after the taking of testimony.

From the testimony and the agreement it appears that defendants agreed on April 11, 1955, to purchase from plaintiff certain refrigerated cases and equipment as specified for a food market which they were erecting in Hanover, for the total price of $35,500. Under date of June 9, 1955, defendants by letter cancelled the order or agreement before delivery of any

part thereof to them, and on July 28, judgment was entered on the agreement for the full amount of the purchase price.

Perusal of the agreement disclosed some peculiar features which would indicate that it was undoubtedly prepared by the sellers. In paragraph 16 it provides: "This agreement may be cancelled by seller at any time before delivery of the property to purchaser;" but nowhere in the agreement is there any similar right extended to the purchaser. On the contrary, paragraph 11 provides: "In the event of default by purchaser, seller shall have the following rights in addition to any and all other rights under the Uniform Commercial Code and/or any other applicable law." Then follows the authority to enter judgment in replevin for the goods in question and also the authority to enter judgment for the full amount of the unpaid purchase price plus interest and costs, with 15 percent added for attorney's fees.

Why anyone would sign such a biased and one-sided agreement is difficult to understand. Defendants are buying, with no delivery date mentioned, $35,500 worth of essential equipment for their food market, which they expected to complete in three or four months, and yet they would not actually know until delivery whether they would receive the equipment or not. However, since people of sound mind are ordinarily bound by their written agreements unless fraud, accident or mistake is alleged and proven, and since this matter does not arise under this particular clause of the agreement, we will not dispose of the petition on this phase of the case, although it has certain persuasive qualities.

Defendants further contend that the clause in paragraph 11 of the agreement, providing for entry of judgment for the full amount of the purchase price, is

contrary to section 2-709 of the Uniform Commercial Code entitled "Action for the Price," which states:

"(1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price

"(a) of goods accepted or of conforming goods lost or damaged after risk of their loss has passed to the buyer; and

"(b) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.

"(2) Where the seller sues for the price he must hold for the buyer any goods which have been identified to the contract and are still in his control except that if resale becomes possible he may resell them at any time prior to the collection of the judgment. The net proceeds of any such resale must be credited to the buyer and payment of the judgment entitles him to any goods not resold.

"(3) After the buyer has wrongfully rejected or revoked acceptance of the goods or has failed to make a payment due or has repudiated (Section 2-610), a seller who is held not entitled to the price under this section shall nevertheless be awarded damages for non-acceptance under the preceding section.":Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-709.

Plaintiff, however, argues not only that he is entitled to recover the whole price under this very section but also cites section 2-719 of the code to this effect:

"Contractual Modification or Limitation of Remedy.

"(1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages,

"(a) the agreement may provide for remedies in addition to or in substitution for those provided in this Article and may limit or alter the measure of damages

recoverable under this Article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts;"

However, section 2-719, supra, also provides:

"(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act."

And section 2-718 governing "Liquidation or Limitation of Damages" states:

"(1) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or non-feasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."

There is a paucity of decisions under the relatively new Uniform Commercial Code which will no doubt require considerable future court interpretation. We feel that the above sections must be read and interpreted together and as stated in the Comments to the above section, found in 12 A PS §2-719, p. 423: . . . "Thus any clause purporting to modify or limit the remedial provisions of this Article in an unconscionable manner is subject to deletion and in that event the remedies made available by this Article are applicable as if the stricken clause had never existed."

While under section 2-709, p. 377, we find the following: "The action for the price is now generally limited to those cases where resale of the goods is impracticable except where the buyer has accepted the goods or where they have been destroyed after risk of loss has passed to the buyer. . . . An action for the price under subsection (I) (b) can be sustained only after a 'reasonable effort to resell' the goods 'at reasonable price' has actually been made or where the circum-

stances 'reasonably indicate' that such an effort will be unavailing."

While there seems little doubt from the depositions taken under the rule issued in this case that plaintiff is entitled to damages, for defendants admit that they canceled the agreement because they found out after checking that they could buy more equipment for less money elsewhere, yet it also seems evident under all the circumstances that to permit plaintiff to recover the full amount of the purchase price without showing what goods, if any, have been identified to the contract, what goods were standard items and readily salable and what goods had actually been specially manufactured prior to the cancellation by defendants, as well as what goods have been or can be readily resold, would be in effect "unreasonably large liquidated damages" and, therefore, unconscionable and void.

It is well established that a petition to open a judgment entered upon a warrant of attorney is an equitable proceeding, governed by equitable principles and addressed to the sound discretion of the trial court: Miller v. Mastrocola, 133 Pa. Superior Ct. 210.

We therefore hold that the judgment in this case should be opened to permit defendants to defend as to the amount due plaintiff. Incidentally, it would seem that well-intentioned counsel, informed of all the actual pertinent facts involved, might be in a much better position to resolve this question than would the customary 12 good men and true.

## Order

And now, to wit, July 16, 1956, it is ordered, adjudged and decreed that the rule issued November 12, 1955, to show cause why the judgment should not be opened and defendants let into a defense be and hereby is made absolute for the purpose of determining the amount to which plaintiff is entitled. An exception is granted to plaintiff.