**General Electric Credit Corporation v. Borosh**

*Milton Becket,* for plaintiff.
*Nanovic & McKinley,* for defendants.

HEIMBACH, P. J., November 10, 1970.—We have before us for disposition defendants' motion to open judgment. We heretofore issued a rule to show cause why such judgment should not be opened.

Petitioners say they have a defense to plaintiff's claim because the note on which judgment was confessed was given by them to a contractor under a home improvement contract for repairs and improvements to their home, which repairs and improvements were not as warranted nor fit for their intended purpose.

Plaintiff, in answer thereto says:

1. That it is a holder in due course of the note upon which judgment was confessed, such note, together with the contract, having been assigned to it, and under section 3-305 of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §3-305, defendants cannot assert a defense of defective merchandise or services against plaintiff.

2. That it received no complaint from defendants concerning the services and materials supplied to them by the contractor under the "Home Improvement Installment Contract," as required by section 208 of the Home Improvement Finance Act of August 14, 1963, P. L. 1082, on penalty of being 'cut off' from any cause of action.

We are mindful of the following applicable principles of law we are to consider in disposing of the matter before us:

1. A petition to open a judgment is addressed to the sound discretion of the court in the first instance.

2. To open a judgment, except in a trespass action, petitioner must not only aver a valid defense, but he must also aver and establish equitable consideration which impresses the court with the need for relief: Fox v. Mellon, 438 Pa. 364, 366; 264 A. 2d 623, and cases cited therein.

3. Before a judgment may be opened it is necessary for the court to have before it a petition setting forth (1) due diligence, (2) the grounds for opening the judgment, and (3) the existence of a meritorious defense by averring the facts upon which the meritorious defense is based: Young v. Mathews Trucking Corporation, 383 Pa. 464.

We are satisfied from the depositions taken and the documentary evidence presented that plaintiff has complied fully with the provisions of the Home Improvement Finance Act,* and particularly section 208, in its dealings with defendants. As such, it is a holder in due course, and the alleged defects in materials and workmanship attributed to the contractor may not be asserted as a defense against plaintiff's claim. Section 208 provides:

"No right of action or defense arising out of the transaction which gave rise to the home improvement installment contract which the buyer has against the contractor, and which would be cut off by assignment, shall be cut off by assignment of the contract to any third person whether or not he acquired the contract in good faith and for value unless the assignee gives notice of the assignment to the buyer as provided in this section and within fifteen days of the mailing of such notice receives no written notice of the facts giving rise to the claim or defense of the buyer. A notice of assignment shall be in writing addressed to the buyer at his address shown on the contract and shall indicate or contain: The name and address of the assignee, the names of the contractor and the buyer and a description of the goods and services which are the subject matter of the contract, the time balance of the contract, the number and amount of installments in which the time balance is payable and the due date or period thereof, together with the fol-

* Act of August 14, 1963, P. L. 1082, sec. 101, 73 PS §500-101.

380

lowing legend printed or written in a size equal to at least eight point bold type:

"Notice:

"1. If the within statement of your transaction with the contractor is not correct in every respect; or

"2. If the goods and services described in or in an enclosure with this notice have not been delivered and satisfactorily performed by the contractor; or

"3. If the contractor has not fully performed all his agreements with you, you must notify the assignee in writing at the address indicated in or in an enclosure with this notice within fifteen days from the date of the mailing of this notice; otherwise, you will have no right to assert against the assignee any right of action or defense arising out of the sale which you might otherwise have against the contractor": August 14, 1963, P. L. 1082, sec. 208.

Since defendants failed to notify plaintiff that the contractor had not fully performed all his agreements with them within the time specified in the Home Improvement Finance Act, they are now precluded from asserting against plaintiff any defense they otherwise would have had.

Defendants, following the argument, asked for and received our permission to file a supplemental brief. They now state that plaintiff has not complied with the Home Improvement Finance Act in the following respects:

1. Parts of the printed portions of the contract are not in at least eight point type, as required by section 201;

2. That delivery of a copy of the contract was not acknowledged by Rose J. Borosh, one of the defendants, contrary to section 204;

3. That the finance charges exceeded the limits prescribed by the act;

4. That plaintiff knew that the work was not com-

pleted at the time it sent notice of the assignment of the contract to it to one of the defendants;

5. That the description of the goods or services to be furnished were not sufficiently described in the contract;

6. That plaintiff knowingly procured a completion certificate from defendant John J. Borosh prior to the actual completion of the work;

7. That the act is unconstitutional.

Nowhere, other than in his supplemental brief, does defendant complain of plaintiff's noncompliance with the Home Improvement Finance Act as a reason for opening the judgment. Absent such reasons in his petition to open the judgment, his present complaints set forth in his supplemental brief may not be considered: Young v. Mathews Trucking Corporation, supra.

Were we satisfied defendants had a meritorious defense to plaintiff's claim, we would suggest they make application to amend their petition to include such defense: Rambo Building & Loan Association v. Dragone, 311 Pa. 422, 166 Atl. 888. We are not so satisfied. It is our opinion all of defendants' complaints as against plaintiff are without merit for the following reasons:

1. The type used in the printed portion of the contract in our opinion is eight point type or larger, and meets the requirement of the Home Improvement Finance Act.

2. Rose Borosh's signature appears under the following printed statement in the contract: "Buyer acknowledges receipt of an exact copy of this contract completely filled in." Her signature likewise appears on the subject note under the heading "Payment of this note is subject to the terms of a Home Improvement Installment Contract of even date between maker and payee."

3. The finance charges do not exceed the maximum limits of the act.

4. The testimony refutes defendants' statement that plaintiff knew the work was uncompleted when the assignment of the contract was consummated after receipt by it of the completion certificate.

5. The description of the goods or services is adequately described. Defendants do not suggest that they were misled in any fashion by such description.

6. Defendants' further complaint that the Home Improvement Finance Act is unconstitutional for the reasons stated: (1) The title of the act is defective to accomplish the purpose of cutting off defenses, because it does not give John Borosh and his wife Rose notice of this fact; and (2) the act purports to grant a special privilege to General Electric and denies John and Rose Borosh the equal protection of the law, is without merit.

The title of the act is as follows:

"Section 500-101—

"An Act defining and regulating home improvement installment contracts for the modernization, rehabilitation, repair, alteration or improvement upon or in connection with real property; prescribing the requirements of such contracts and limitations on the enforcement thereof."

". . . all the Constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the act. The incidental provisions of the statute need not be enumerated or indexed in the title if they are germane to the legislation as a whole": Gumpert's Estate, 343 Pa. 405, 407, and cases therein cited.

This the act clearly does.

Reason number 2 merely states a conclusion that is so clearly erroneous that no further answer is required.

Obviously, the act was enacted to induce lending

institutions to make loans to property owners for improvement purposes. Provisions to protect all parties concerned were included. Defendants, by executing, inter alia, a completion certificate and failing to make known to plaintiff any complaint they had against the contractor caused the loan to be made in good faith. As against plaintiff, they must accept the consequences of their act.

Although we do not suggest defendants' petition for allowance to amend their original petition to include the defenses suggested in their supplemental brief for the reasons stated, we do not intend to preclude them from seeking such allowance if they so desire.

Wherefore, we enter this

## ORDER

Now, to wit, November 10, 1970, defendants' petition to open judgment in favor of General Electric Credit Corporation and against John J. Borosh and Rose J. Borosh is dismissed, unless defendants shall within 10 days from the date of the filing of this order seek an allowance to amend their original petition to include defenses raised in their supplemental brief.

Costs on defendants.